**NORTH CAROLINA NATIONAL BANK,
Plaintiff, Appellee,**

v.

**Cesar MONTILLA, Jr., et al., Defendants
and Third-Party Plaintiffs, Appellants,**

v.

**PALMAS DEL MAR COMPANY et al.,
Third-Party Defendants, Appellees.**

No. 78–1555.

United States Court of Appeals,
First Circuit.

Argued May 11, 1979.

Decided June 29, 1979.

Harry Segarra Arroyo, Santurce, P. R., with whom Harvey B. Nachman, Santurce, P. R., was on brief, for appellants Cesar Montilla Jr., et al.

Philip E. Roberts, Santurce, P. R., with whom Woods & Woods, Santurce, P. R., was on brief, for plaintiff, appellee, North Carolina Nat. Bank.

Before CAMPBELL and BOWNES, Circuit Judges, and DEVINE, District Judge.*

PER CURIAM.

Defendants Cesar Montilla, et al., appeal from the dismissal of their counterclaim against the North Carolina National Bank (NCNB). As the district court's dismissal of the counterclaim was not a "final decision," we dismiss the appeal for want of appellate jurisdiction. *See* 28 U.S.C. § 1291.

NCNB originally brought this action against Montilla to foreclose a $25,000 mortgage assigned to it by Palmas Del Mar,

---

2. Appellant Maguire's list of one-line constitutional arguments does not merit substantive comment.

* Of the District of New Hampshire, sitting by designation.

a real estate developer. Montilla had executed the mortgage note and a separate purchase contract in connection with the purchase of certain real estate from Palmas Del Mar in 1974. NCNB was not a party to the contract but, when NCNB commenced its foreclosure action, Montilla raised Palmas' alleged failure to fulfill certain contractual commitments in defense against NCNB. Montilla also counterclaimed against NCNB for $100,000 for "fraud, deceit, and negligence," asserting that NCNB "stood in the shoes of" Palmas and was liable for its alleged tortious conduct. Finally, Montilla brought into the action a number of other banks that had provided financing for Palmas Del Mar, including the Chase Manhattan Bank of New York.

Pretrial motions were filed both by Chase Manhattan, seeking dismissal of the claims against it, Fed.R.Civ.P. 12(b)(2), (3), and (6), and by NCNB, seeking dismissal of the counterclaim, Fed.R.Civ.P. 12(b)(6). The district court dealt with these issues in an opinion of July 21, 1978. It discussed, *inter alia,* the elements of proof required for Montilla to prevail on the counterclaim against NCNB. These included proof that NCNB had assumed the obligations of Palmas Del Mar under the Palmas Del Mar–Montilla purchase agreement, which was separate from the mortgage note. No evidence to this effect had been filed with the court and, on this ground, the court dismissed the counterclaim, "without prejudice that [it] may be raised later on if there clearly appears that plaintiff acquired the obligations of the seller under said contracts of sale." The court also decided that the claims filed by Montilla against the Chase Manhattan Bank should be dismissed, and ordered the clerk of the court to enter partial judgment. The judgment entered failed to refer to the counterclaim, but the court, at NCNB's request, issued a supplemental order directing the clerk to enter "an Amended Partial Judgment in conformity with the contents of our Opinion and Order of July 20, 1978, to include a disposi-

tion dismissing defendants' counterclaim . . . ." The amended judgment, entered September 13, 1978, stated that defendants' counterclaim against plaintiffs "is hereby dismissed." On December 12, 1978, the district court issued an order indicating that an earlier Rule 54(b) certification, that there was "no just reason for the delay of the entry of judgment" dismissing the claims against Chase Manhattan, was also meant to apply to the counterclaim of Montilla against NCNB.

Despite the district court's Rule 54(b) certification of its dismissal of the counterclaim, we cannot accept jurisdiction over this appeal unless we are satisfied that the court's order is properly before us under 28 U.S.C. § 1291, which provides that federal circuit courts have jurisdiction over appeals from "final decisions" of the federal district courts.[1] A district court cannot by a Rule 54(b) certification make final and appealable a ruling that is not final within the meaning of § 1291 with regard to the claim to which it applies. 6 Moore's Federal Practice ¶ 54.27[3], at 334–35 (2d ed. 1976).

Here the district court dismissed Montilla's counterclaim "without prejudice," stating that it could be raised again if, during the course of the pending proceedings, evidence showing that NCNB had undertaken Palmas Del Mar's obligations were adduced. Like an order dismissing an action with leave to file an amended complaint, *e. g., American Broadcasting Co. v. Wahl Co.,* 121 F.2d 412, 413 (2d Cir. 1941) (A. Hand, J.), an order striking certain defenses with leave to amend the answer, *e. g., United States Sugar Corp. v. Atlantic Coast Line Railroad Co.,* 196 F.2d 1015, 1016 (5th Cir. 1952), we think that this decision was interlocutory, not final. *See* 9 Moore's Federal Practice ¶ 110.08[1], at 114–15 (2d ed. 1976). The counterclaim is closely related to the mortgage claim and to the defenses raised in response to it. The proceedings

1. The remaining basis for appellate jurisdiction, 28 U.S.C. § 1292, is not available, as § 1292(a) is inapplicable. The district court did not in its order invoke the provisions of § 1292(b).

to resolve those claims are still pending in the district court, and we take its opinion to mean that defendants may reassert their counterclaim, upon a proper showing, at any time until those proceedings are concluded. The dismissal thus was not "final" within the meaning of § 1291.[2]

*Appeal dismissed for want of appellate jurisdiction.*

**2.** This differs from a dismissal "without prejudice" that is nevertheless a final order because the litigation is entirely terminated. *E.g., United States v. Wallace & Tiernan Co.,* 336 U.S. 793, 794–95 n. 1, 69 S.Ct. 824, 93 L.Ed. 1042 (1949); *Allied Air Freight, Inc. v. Pan American World Airways, Inc.,* 393 F.2d 441, 444 (2d Cir.), *cert. denied,* 393 U.S. 846, 89 S.Ct. 131, 21 L.Ed.2d 117 (1968) (dismissed for want of prosecution).