73 F.3d 375
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 INTERNATIONAL RECTIFIER CORPORATION, Plaintiff/Cross-Appellant,
v.
SGS-THOMSON MICROELECTRONICS, INC. and SGS-Thomson
Microelectronics, S.R.I., Defendants-Appellants.
 Nos. 95-1431, 95-1460.
 United States Court of Appeals, Federal Circuit.
 Oct. 5, 1995.
 
 Before SCHALL, Circuit Judge, COWEN, Senior Circuit Judge, and BRYSON, Circuit Judge.
 ON MOTION
 SCHALL, Circuit Judge.
 
 ORDER
 
 1
 SGS-Thomson Microelectronics, Inc. and SGS-Thomson Microelectronics, S.R.I. (SGS-Thomson) move for a determination of whether this court has jurisdiction to hear SGS-Thomson's appeal. International Rectifier Corporation responds. International Rectifier moves to dismiss SGS-Thomson's appeal on the ground that the appeal is not from a final, appealable order. SGS-Thomson responds. If SGS-Thomson's appeal is dismissed, then International Rectifier's cross appeal must also be dismissed.
 
 
 2
 International Rectifier sued SGS-Thomson for patent infringement in the United States District Court for the Central District of California. Both of the patents in suit are presently the subject of reexamination proceedings before the Patent and Trademark Office (PTO). SGS-Thomson moved to dismiss the district court proceedings without prejudice or, alternatively, to stay the action pending the outcome of the reexaminations. On June 7, 1995, the district court granted the motion to dismiss and denied the motion for a stay. International Rectifier moved to amend the dismissal order pursuant to Fed. R. Civ. P. 60. On July 5, 1995, the district court granted the motion in part and issued an amended order, stating:
 
 
 3
 1. ST's motion to dismiss the remaining claims in this action without prejudice is GRANTED.
 
 
 4
 2. The Court shall retain jurisdiction to reinstate this action on the application of any party following the pending Patent Office reexamination proceedings on IR's U.S. Patent Nos. 5,008,725 and 5,130,767. All prior rulings and orders of the court in this action are preserved pending reinstatement of this action.
 
 
 5
 3. If and when this case is reinstated, a status conference will be held to determine how this case will proceed. Before trial, the parties may be required to file amended Contentions Memoranda and an amended Pre-Trial Conference Order.
 
 
 6
 SGS-Thomson filed a notice of appeal with this court in order to preserve its right to appellate review of the district court's previous adverse rulings. SGS-Thomson now seeks a determination of (1) whether the district court's dismissal order is a final and appealable order and (2) whether SGS-Thomson is an aggrieved party entitled to appeal any or all of the district court's previous rulings. International Rectifier moves to dismiss SGS-Thomson's appeal on the ground that the dismissal order is the equivalent of a stay and is not a final, appealable order.
 
 
 7
 A stay is not a final and appealable decision unless it "effectively puts the parties out of the district court," either permanently or for a protracted or indefinite period of time. Gould v. Control Laser Corp., 705 F.2d 1340 (Fed. Cir. 1983) (stay of district court proceedings pending reexamination proceedings by the PTO was not a final, appealable decision because it was not for a protracted or indefinite period of time). The dismissal of a civil action without prejudice, in certain circumstances, may be the equivalent of a stay where the dismissal order contemplates further proceedings in the case.[1] See Wilhelm v. Eastern Airlines, Inc., 927 F.2d 971 (7th Cir. 1991) (order dismissing action without prejudice was not final, appealable order because it did not terminate litigation and it expressly permitted plaintiff to reopen case if bankruptcy court lifted automatic stay); Brace v. O'Neill, 567 F.2d 237 (3d Cir. 1977) (order purporting to dismiss part of action without prejudice actually was intended to stay proceedings pending the result of various interim relief measures and thus was not final).
 
 
 8
 In Intermedics Infusaid v. Regents of the Univ. of Minn., 804 F.2d 129 (Fed. Cir. 1986), the district court's order purportedly "dismissed" the action without prejudice to either party moving to restore it to the docket upon final disposition of a state court action. We stated that the "action taken by the district court was a stay, not an outright dismissal, of the proceedings before us." Intermedics, 804 F.2d at 134. Similarly, the district court's dismissal order in this case is not an "outright dismissal" of the action. In the July 5, 1995 order, the district court specifically stated that it retained jurisdiction to reinstate the action on the application of any party following the reexamination proceedings in the PTO. The court also preserved all prior rulings and orders pending reinstatement of the action. Compare McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1992) (dismissal without prejudice is final if it is intended to end litigation in the court involved). Because further proceedings in the case are undoubtedly contemplated and it does not appear that the parties will be "effectively put out of court" by the order, we conclude that the dismissal order is not a final and appealable order and that this court does not have jurisdiction to hear SGS-Thomson's appeal.[2]
 
 
 9
 Accordingly,
 
 IT IS ORDERED THAT:
 
 10
 (1) SGS-Thomson's motion for a determination of whether this court has jurisdiction to hear its appeal is granted.
 
 
 11
 (2) International Rectifier's motion to dismiss SGS-Thomson's appeal no. 95-1431 is granted.
 
 
 12
 (3) International Rectifier's cross-appeal no. 95-1460 is dismissed.
 
 
 13
 (4) The revised official caption is reflected above.
 
 
 14
 (5) The cases are, sua sponte, consolidated.
 
 
 15
 (6) Each side shall bear its own costs.
 
 
 
 [1]
 See also Peters v. Welsh Development Agency, 920 F.2d 438 (7th Cir. 1990) (dismissal was not final where conditions for reinstatement of action were "open-ended"); Delgrosso v. Spang & Co., 903 F.2d 234 (3d Cir. 1990) (order directing clerk to mark case closed was not final because it stated that parties could initiate further proceedings and it did not determine any issues or resolve case); North Carolina Nat. Bank v. Montilla, 600 F.2d 333 (1st Cir. 1979) (order dismissing counterclaim without prejudice to renewal on proper showing was not final)
 
 
 [2]
 SGS-Thomson states that this court's decision in L.E.A. Dynatech, Inc. v. Allina, 49 F.3d 1527 (Fed. Cir. 1995), "suggests that the District Court's dismissal orders are final and appealable" because we reviewed an order for dismissal without prejudice in that case. However, the finality of the order was not an issue in Dynatech. When an issue is not argued or considered in a decision, such decision is not precedent on that issue. National Cable Television Assoc., Inc. v. American Cinema Editors, Inc., 937 F.2d 1572, 1581 (Fed. Cir. 1991) (citing Webster v. Fall, 266 U.S. 507 (1925))