WMX TECHNOLOGIES, INC., f/k/a/ Waste Management, Inc., a Delaware corporation, and Waste Management of California, Inc., a California corporation, Plaintiffs–Appellants,

v.

Edwin L. MILLER, Jr., as District Attorney of San Diego County, California, Defendant–Appellee.

No. 93–55917.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 21, 1996.

Decided Jan. 2, 1997.

■

---

Robert H. Friebert and Matthew W. O'Neill, Friebert, Finerty & St. John, S.C., Milwaukee, Wisconsin, and Gerald L. McMahon and David J. Zubkoff, Seltzer, Caplan, Wilkins & McMahon, San Diego, California, for Plaintiffs–Appellants.

Morris J. Hill, Office of the County Counsel, San Diego, California, for Defendant–Appellee.

Before: HUG, Chief Judge, and BROWNING, SCHROEDER, BRUNETTI, NOONAN, LEAVY, TROTT, FERNANDEZ, RYMER, KLEINFELD, and THOMAS, Circuit Judges.

FERNANDEZ, Circuit Judge:

WMX Technologies, Inc. brought this action against Edwin L. Miller, the District Attorney of San Diego County, California, after Miller issued a report which was unfavorable to WMX. The district court dismissed WMX's claims, but gave leave to amend certain ones. WMX did not amend, did not tell the district court that it would not do so, and did not obtain a final order of dismissal. It simply appealed.

We considered the serious substantive issues raised by the appeal and affirmed. *See WMX Technologies, Inc. v. Miller*, 80 F.3d 1315 (9th Cir.1996). We then agreed to hear the case en banc, but upon reflection we have determined that we have no jurisdiction over this appeal because there is no final judgment. Thus, we dismiss for lack of jurisdiction.

## BACKGROUND

While the substantive facts of this case and the substantive legal issues are interesting, they are not relevant to our decision. What is relevant is the procedural posture. When Miller filed his Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, the district court granted that motion and ruled as follows: .

> Plaintiffs' first, second and fifth claims for relief are dismissed with prejudice for failure to state a claim under the Constitution or laws of the United States upon which relief can be granted.

> Plaintiffs' third and fourth claims for relief are dismissed without prejudice for failure to state a claim under the Constitution or laws of the United States upon which relief can be granted.

> . . . .

> Plaintiffs may further amend as to their third and fourth claims for relief. Any amended complaint shall be filed and served within thirty (30) days following the hearing date set forth above.

The court then followed that up with a "judgment" which read:

> It is ORDERED and ADJUDGED plaintiffs' first, second and fifth claims are dismissed with prejudice. Plaintiffs' third and fourth claims are dismissed without prejudice. Plaintiffs may amend as to their third and fourth claims. Any amended complaint shall be filed and served within thirty days of May 17, 1993.

WMX neither took advantage of the opportunity to amend nor told the district court it would not do so. Instead, on the thirtieth day it filed its notice of appeal, without obtaining a final judgment of dismissal from the district court.

## DISCUSSION

■ Although the parties did not raise the question of our jurisdiction, we have raised it sua sponte, as we must. *See MacKay v. Pfeil*, 827 F.2d 540, 542–43 (9th Cir.1987); *Rodgers v. Watt*, 722 F.2d 456, 457–58 (9th Cir.1983) (en banc). Having asked whether we do have jurisdiction, we answer the question "no." We do so on the basis of Supreme Court authority and because we agree with our prior cases, which so held.

At root our decision is informed by *Jung v. K. & D. Mining Co., Inc.*, 356 U.S. 335, 78 S.Ct. 764, 2 L.Ed.2d 806 (1958), where the Supreme Court considered an issue which was quite similar to the one which now confronts us. There the district court had dismissed the complaint on May 10, 1955, and granted "'twenty days ... within which to file an amended complaint.'" *Id.* at 336, 78 S.Ct. at 765. On May 27, 1955, the district court gave an extension of twenty more days to file an amended complaint. No amendment was filed within the allotted time. Instead of that, the plaintiffs waited about two years and then told the district court that they chose to stand on their complaint. Thereupon, the district court dismissed in an order entered March 25, 1957, and the plaintiffs appealed. The defendant moved to dismiss the appeal because, as it thought, the appeal came two years after the district court had issued its judgment. The Court of Appeals for the Seventh Circuit agreed. It held that "the order of May 27, 1955, became the District Court's final judgment in the case when petitioners failed to file an amended complaint within the 20 days thereby allowed for that purpose." *Id.* The Supreme Court emphatically disagreed with that reasoning. It said:

We think that the District Court's order of May 27, 1955, denying petitioners' motion to vacate the order of May 10, 1955, but granting further leave to petitioners to amend their complaint, did not constitute the final judgment in the case. It did not direct "that all relief be denied" but left the suit pending for further proceedings "either by amendment of the [complaint] or entry of final judgment."

*Id.* at 336–37, 78 S.Ct. at 765–66 (citation omitted). The Court further explained its reasoning when it stated:

Although to be sure nearly two years elapsed between the time petitioners were given leave to file an amended complaint and their motion of March 25, 1957, the defendants also did not, as they so easily could have done, nor did the District Court exercising power *sua sponte* over its own calendar, take any step to put a definitive end to the case and thereby fix an unequivocal terminal date for appealability. The undesirability of useless delays in litigation is more than offset by the hazards of confusion or misunderstanding as to the time for appeal.

*Id.* at 337, 78 S.Ct. at 766.

We have embraced that explication of the law. In *Proud v. United States*, 704 F.2d 1099 (9th Cir.1983) (per curiam), the district court had dismissed the complaint "with leave to amend within 60 days." *Id.* at 1100. The plaintiffs appealed instead. We declared, "It is immaterial that plaintiffs decided not to amend. The district court was not advised of that decision and no final judgment was entered." *Id.* Thus, we dismissed the appeal.

We recently reemphasized that rule in *Lopez v. City of Needles*, 95 F.3d 20 (9th Cir. 1996). The district court had dismissed the complaint without prejudice, but with statements clearly contemplating that an amendment could be made. Lopez appealed instead. We cited *Proud* and explained that the fact that the plaintiff chose not to amend was irrelevant where some amendment was possible. We added:

Unless a plaintiff files in writing a notice of intent not to file an amended complaint, such dismissal order is not an appealable final decision. In a typical case, filing of such notice gives the district court an opportunity to reconsider, if appropriate, but more importantly, to enter an order dis-

missing the action, one that is clearly appealable.

*Id.* at 22. Again, we dismissed the appeal.

■ We recognize that although *Proud* and *Lopez* speak with a good deal of clarity, dissonance has been introduced by some of our cases. We have, on occasion, stated that a plaintiff, whose complaint has been dismissed without prejudice, may elect to stand on his pleading. We have not then referred to the rule that a dismissal with leave to amend is not an appealable decision. *See, e.g., Carson Harbor Village Ltd. v. City of Carson,* 37 F.3d 468, 471 n. 3 (9th Cir.1994); *McGuckin v. Smith,* 974 F.2d 1050, 1053 (9th Cir.1992). We now specifically rule that a plaintiff, who has been given leave to amend, may not file a notice of appeal simply because he does not choose to file an amended complaint. A further district court determination must be obtained. To the extent that any of our cases may suggest a different rule, we now overrule them.

We recognize that the circuits have not been uniform in their approach to this issue. *See (in circuit order) North Carolina Nat'l Bank v. Montilla,* 600 F.2d 333, 334 (1st Cir.1979) (per curiam) (order dismissing an action with leave to amend is interlocutory); *Richards v. Dunne,* 325 F.2d 155, 156 (1st Cir.1963) (per curiam) (after an order dismissing claim with leave to amend, another order of final dismissal is required); *Festa v. Local 3 Int'l Bhd. of Elec. Workers,* 905 F.2d 35, 37 (2d Cir.1990) (once deadline to amend has passed, the dismissal becomes final—date of finality not specifically stated); *Shapiro v. UJB Fin. Corp.,* 964 F.2d 272, 278 (3d Cir.1992) (dismissal with leave to amend is not final, but can be made so if plaintiff specifically declares he will stand on his complaint); *Anastasiadis v. S.S. Little John,* 339 F.2d 538, 539–40 (5th Cir.1964) (a dismissal with leave to amend is not a final appealable order); *Azar v. Conley,* 480 F.2d 220, 223 (6th Cir.1973) (a dismissal without prejudice to filing an amended complaint is not a final order where some amendment is possible); *Otis v. City of Chicago,* 29 F.3d 1159, 1166–

68 (7th Cir.1994) (en banc) (finality springs into existence when the time for leave to amend expires—it is better to adhere to the federal rules, but not necessary and court suspects that parties will become more attentive); *Tietz v. Local 10 of Int'l Ass'n of Bridge, Struct., & Ornamental Iron Workers,* 525 F.2d 688, 689 (8th Cir.1975) (per curiam) (dismissal with leave to amend is not a final appealable order); *Landmark Land Co. v. Buchanan,* 874 F.2d 717, 720 (10th Cir.1989) (dismissal of complaint with leave to amend is not appealable); *Schuurman v. Motor Vessel Betty K V,* 798 F.2d 442, 445 (11th Cir. 1986) (per curiam) (where time to amend is allowed, the order becomes final when that time expires). However, in our opinion the rule we reaffirm today is both easily applied and more consonant with the teachings of *Jung.* It requires only a modicum of diligence by the parties and the district court, avoids uncertainty, and provides for a final look before the arduous appellate process commences.

■ In the case at hand, the district court granted leave to amend.[1] WMX did not choose to do so, and it did not obtain a final order of dismissal from the district court. We are, therefore, without jurisdiction.

## CONCLUSION

We are sometimes faced with construction difficulties when a complaint is simply dismissed without prejudice. Absent further explicit illumination from the district court, we may have to determine from the whole record whether it was contemplated that the dismissal was for lack of jurisdiction, whether further amendment was anticipated, whether the district court made it plain that there could be no further amendment, or whether it was contemplated that the whole action was dismissed on the merits. It would always be helpful if district courts made their intentions in that regard both plain and explicit.

However, when a district court expressly grants leave to amend, it *is* plain that the

---

1. We recognize that certain causes of action were dismissed without leave to amend. However, that is of no significance because leave to amend was granted as to others, and there was no Federal Rule of Civil Procedure 54(b) certification.

order is not final. Something more is both anticipated and required. In that event, a further step must be taken to "fix an unequivocal terminal date for appealability," and to avoid "the hazards of confusion or misunderstanding as to the time for appeal." *Jung,* 356 U.S. at 337, 78 S.Ct. at 766. A final judgment must be obtained before the case becomes appealable.

DISMISSED for lack of jurisdiction.