108 F.3d 1385
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Daryl HARMON, Plaintiff-Appellant,
v.
J. COHEE; Georgia Sullivan-Huerta, Defendants-Appellees.
 No. 96-56423.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1997.*
Decided March 14, 1997.
 
 Before: SNEED, LEAVY, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Daryl Harmon, a California state prisoner, appeals pro se the district court's dismissal of his action under 42 U.S.C. § 1983 seeking damages for prosecution and detention without probable cause. Because there is a final judgment, we have jurisdiction pursuant to 28 U.S.C. § 1291. Cf. WMX Technologies, Inc. v. Miller, 1997 WL 1218 at * 2-3 (9th Cir. Jan. 2, 1997). We review de novo a district court's dismissal for failure to state a claim. Sosa v. Hiraoka, 920 F.2d 1451, 1455 (9th Cir.1990). We affirm.[1]
 
 
 3
 Harmon contends that the district court erred by dismissing his claims against Cohee and Sullivan-Huerta as not cognizable under Heck v. Humphrey, 114 S.Ct. 2364 (1994). This contention lacks merit.
 
 
 4
 We agree with the district court that Harmon's claims against Sullivan-Huerta necessarily implicate the validity of his criminal conviction. Heck, 114 S.Ct. at 2374. Accordingly, the district court did not err by dismissing Harmon's action against Sullivan-Huerta. See id.
 
 
 5
 We decline to address the district court's dismissal of Harmon's claims regarding defendant Cohee, because Cohee was not a proper party to the action. See Fed.R.Civ.P. 4(m). Harmon failed to serve Cohee within 120 days of filing his complaint. See id. Because Harmon never requested that federal marshals serve his complaint, he "remained responsible for timely service." See Boudette v. Barnette, 923 F.2d 754, 757 (9th Cir.1991). Accordingly, to the extent Harmon raised cognizable claims against Cohee, see Heck, 114 S.Ct. at 2372 n. 7, nothing in the district court's disposition of this case bars Harmon from filing a new section 1983 action against Cohee.
 
 
 6
 We also decline to consider Harmon's abuse of process contentions, because they are raised for the first time on appeal. See Marbled Murrelet v. Babbitt, 83 F.3d 1060, 1063 (9th Cir.1996), cert. denied, 1997 WL 63837 (1997).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We may affirm for any reason supported by the record. See Reynolds v. County of San Diego, 84 F.3d 1162, 1166 (9th Cir.1996)