109 F.3d 634
 37 Fed.R.Serv.3d 473, 116 Ed. Law Rep. 900,
97 Cal. Daily Op. Serv. 2113,
97 Daily Journal D.A.R. 3913
 INDIAN OASIS-BABOQUIVARI UNIFIED SCHOOL DISTRICT NO. 40 OF
PIMA COUNTY, ARIZONA; Whiteriver Unified School District
No. 20 of Navajo County; Clifford Pablo, next best friend
of Clifford Pablo, Jr.; Cynthia Parker, Guardian of David
Parker; Edlina Thompson, next best friend of Nelson Lupe,
Plaintiffs-Appellants,
v.
James Lee KIRK, in his official capacity as Treasurer of
Pima County, Arizona; C. Diane Bishop, in her official
capacity as Superintendent of Public Instruction for the
State of Arizona; Anita Lohr, in her official capacity as
County School Superintendent for Pima County, Arizona; J.R.
Despain in his official capacity as Treasurer of Navajo
County, Arizona; William Bennett, in his official capacity
as County School Superintendent for Navajo County, Arizona,
Defendants-Appellees.
 No. 93-16089.
 United States Court of Appeals,
Ninth Circuit.
 Submitted Feb. 20, 1997.*
Decided March 25, 1997.
 
 John R. McDonald, DeConcini, McDonald, Brammer, Yetwin & Lacy, Tucson, Arizona; and C. Benson Hufford, Hufford, Horstman, McCullough & Mongini, Flagstaff, Arizona, for plaintiffs-appellants.
 Anthony B. Ching, Deputy Attorney General, Phoenix, Arizona, for defendants-appellees.
 Appeal from the United States District Court for the District of Arizona, Charles R. Weiner, District Judge, Presiding. D.C. No. CV-92-00866-CRW.
 Before: HUG, Chief Judge, PREGERSON, HALL, WIGGINS, BRUNETTI, NOONAN, TROTT, FERNANDEZ, T.G. NELSON, KLEINFELD, and TASHIMA, Circuit Judges.
 WIGGINS, Circuit Judge.
 
 
 1
 Two public school districts and several students and their parents brought this action against Arizona's Superintendent of Public Instruction and several local officials. The plaintiffs challenged an Arizona statute requiring county treasurers to pay a portion of a school district's ending cash balance to a state fund used for equalization of funds among school districts. The plaintiffs sought declaratory and injunctive relief holding that the Arizona law violates both the Federal Impact Aid Law, 20 U.S.C. §§ 236-44, and the Supremacy Clause of the United States Constitution.
 
 
 2
 On defendants' motion to dismiss, the district court held that the school districts lacked standing to sue the State of Arizona in federal court because the districts are political subdivisions of the state. The district court also concluded that the students failed to allege distinct injury which was not derivative of the injury alleged by the school districts. As a result, the district court dismissed the school districts' claims with prejudice. Then, in a separate paragraph, the district court dismissed the claims of the students and their parents without prejudice and with leave to file an amended complaint. The plaintiffs collectively appealed without obtaining a certification order pursuant to Federal Rule of Civil Procedure 54(b).
 
 
 3
 We considered the plaintiffs' appeal on the merits and affirmed without discussing our jurisdiction. See Indian Oasis-Baboquivari Unified Sch. Dist. v. Kirk, 91 F.3d 1240 (9th Cir.1996). We then agreed to rehear the case en banc.
 
 
 4
 A recent en banc decision of this court has resolved some lingering uncertainty in this circuit about whether certain orders of dismissal are indeed appealable. In WMX Technologies, Inc. v. Miller, 104 F.3d 1133 (9th Cir.1997) (en banc ) ("WMX "), we dismissed an appeal for lack of jurisdiction because the district court's order of dismissal gave the plaintiff an opportunity to amend certain claims. Recognizing that there has been some discord in our own case law, we made it explicit that an order dismissing a complaint with leave to amend is not a final, appealable order:
 
 
 5
 We now specifically rule that a plaintiff, who has been given leave to amend, may not file a notice of appeal simply because he does not choose to file an amended complaint. A further district court determination must be obtained. To the extent that any of our cases may suggest a different rule, we now overrule them.
 
 
 6
 Id. at 1136.
 
 
 7
 Here, although the district court dismissed the claims of the school district plaintiffs with prejudice, it explicitly gave the remaining plaintiffs leave to amend their complaint. Accordingly, under WMX, the district court's dismissal order is not appealable. The dismissal of the school districts' claims with prejudice does not alter this analysis; the Federal Rules of Civil Procedure establish that an order or decision must adjudicate the claims of all of the parties to an action in order to be an appealable final judgment. See Fed.R.Civ.P. 54(b).
 
 
 8
 Although the parties have not raised the issue of our jurisdiction, we must raise it ourselves. See WMX, 104 F.3d at 1135. As our recent holding in WMX makes clear, we lack jurisdiction to hear this appeal. The plaintiffs' appeal must be dismissed.
 
 
 9
 DISMISSED for lack of jurisdiction. No costs allowed.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4