116 F.3d 484
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
LARKER MAR FINANCIAL CORPORATION, a California corporation;
Lawrence E. Creeden, an individual, Plaintiffs-Appellants,
v.
FULLERTON ALANA CENTER, a California corporation, aka
Fullerton Alano Center, aka 705 Club; Robert K.
Tuller, Jr., an individual, aka Robert
K. Tuller, Jr., Defendants-Appellees,
and
DOES, 1 through 10, inclusive, Defendant.
 No. 95-56583.
 United States Court of Appeals,
Ninth Circuit.
 Submitted June 3, 1997*
Decided June 5, 1997.
 
 Appeal from the United States District Court for the Central District of California, No. CV-95-00893-LHM(EEx); Linda H. McLaughlin, District Judge, Presiding
 Before: NORRIS, LEAVY and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Larker Mar Financial Corporation and its attorney, Lawrence E. Creeden, appeal the district court's dismissal without prejudice of their action under the Fourteenth Amendment to the Constitution of the United States seeking to set aside a California Superior Court judgment as obtained in violation of Larker Mar's constitutional rights.[1]
 
 
 3
 Federal district courts lack subject matter jurisdiction to review the final determinations of a state court in judicial proceedings. Branson v. Nott, 62 F.3d 287, 291 (9th Cir.1995). "This is true even when the challenge to a state court decision involves federal constitutional issues." Id.
 
 
 4
 Larker Mar's complaint explicitly asks the federal court to declare the state court judgment null and void and enjoin enforcement of the judgment in state court. The district court lacked subject matter jurisdiction to review Larker Mar's impermissible collateral attack on prior state court decisions. See id.
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The district court's dismissal of the entire action is a final appealable order, despite the fact that it was made "without prejudice." McGuckin v. Smith, 974 F.2d 1050, 1053 (9th Cir.1992); compare WMX Technologies. Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir.1997) (en banc) (order merely dismissing complaint "without prejudice" not appealable unless record reveals that district court intended order to be final)
 
 
 [2]
 We reject Larker Mar's assertion that the federal complaint adequately stated a claim under 42 U.S.C. § 1983 because it alleged that Fullerton Alano's attorney conspired with a state judge to have Larker Mar's state action dismissed. Our review indicates the complaint failed sufficiently to allege that Fullerton's attorney either acted as a state actor, see Polk County v. Dodson, 454 U.S. 312, 319 n. 9, 325 (1981) (private attorney performing a lawyer's traditional function cannot be considered to act under color of state law), or that the attorney engaged in a conspiracy with a state judge to violate Larker Mar's constitutional rights, see Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.1982) (vague and conclusory allegations are not sufficient to support a claim for civil rights violations based on conspiracy); Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir.1980) (per curiam)