117 F.3d 1424
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marcelo CARLOS; Adela Carlos, Plaintiffs-Appellees,
v.
GOVERNMENT OF GUAM; Paul McDonald, Defendants-Appellant.
and
Marcelo CARLOS; Adela Carlos, Plaintiffs-Appellants,
v.
GOVERNMENT OF GUAM; Paul McDonald, Defendants-Appellee.
 Nos. 95-17356, 96-15419.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 12, 1997.
July 7, 1997.
As Amended on Denial of Rehearing Aug. 18, 1997.
 
 Appeal from the United States District Court for the District of Guam John Unpingco, District Judge, Presiding
 Before ALARCN, BEEZER, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We must decide whether the Territory of Guam is liable for attorney's fees in a federal civil rights action.
 
 
 3
 * Marcelo and Adela Carlos, husband and wife, own property in Agana Heights, Guam. In 1994, they petitioned the Guam legislature for a zone change for their lot and others in the neighborhood which had been zoned for single family residential use. In response, the Guam legislature passed P.L. 22-72, rezoning the Carlos' lot (along with over one hundred other lots) as multi-family residential.
 
 
 4
 After obtaining the zone change, the Carlos' began preparations to build a six-unit apartment building on the lot. After construction began, however, other residents of Agana Heights complained about the development and attempted to stop construction. The Mayor of Agana Heights, Paul McDonald, met with a number of these residents to discuss the ongoing development and what measures could be taken. McDonald procured the assistance of Guam Senator Angel Santos, who introduced a bill to repeal the zone change for the Carlos' lot. The legislature passed the bill as P.L. 23-04, and, after overriding the Governor's veto, the law went into effect.
 
 
 5
 A month later, the Carlos' filed this suit against the Government of Guam and Mayor McDonald in the District Court of Guam seeking declaratory and injunctive relief. They claimed that P.L. 23-04 violated their constitutional rights to procedural due process, substantive due process, and equal protection. They also claimed that the law was ex post facto, a bill of attainder, and an impairment of contracts.
 
 
 6
 The district court granted a temporary restraining order enjoining Guam and McDonald from enforcing P.L. 23-04. After a hearing, it granted a preliminary injunction. Neither Guam nor McDonald appealed from that order. After cross-motions for summary judgment, the district court granted summary judgment in favor of the Carlos' with respect to the substantive due process, equal protection, ex post facto, bill of attainder, and impairment of contract claims. The court ruled that the procedural due process issue involved questions of fact not appropriate for summary judgment. Finally, the court noted that the complaint appeared to name Paul McDonald in his individual capacity as a defendant, but alleged that McDonald was at all times acting within his official authority as Mayor. On that basis, it dismissed the claims against McDonald in his individual capacity without prejudice. Guam filed a timely notice of appeal from the order granting partial summary judgment and dismissing McDonald without prejudice.
 
 
 7
 In light of the partial summary judgment, counsel for the Carlos' filed an application for attorney's fees. In violation of the local rules, however, he failed to file a memorandum of points and authorities in support of the application. He further failed to appear at the scheduled hearing on the attorney's fees issue. The district court denied the request for attorney's fees and later denied the Carlos' motion for reconsideration of that decision. The Carlos' filed a timely notice of appeal from both orders.
 
 II
 
 8
 Although the parties did not raise the issue, we are obliged to consider sua sponte whether we have jurisdiction over the appeal from the district court's summary judgment order. Under 28 U.S.C. § 1291, we have jurisdiction over appeals from final decisions of the district court. A decision by the district court that does not dispose of all claims against all parties is not a final decision within the meaning of § 1291. Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1402 (9th Cir.1988). Furthermore, if a district court dismisses a complaint without prejudice contemplating an amendment by the plaintiff, the decision is not final, and we lack jurisdiction. WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136-37 (9th Cir.1997).
 
 
 9
 In this case, the district court granted summary judgment on most of the claims, but denied summary judgment as to the procedural due process claim. Since the procedural due process claim remains alive in the district court, the summary judgment order does not constitute a final decision for the purposes of § 1291 because it does not dispose of all claims against all parties. Moreover, the district court dismissed the claims against McDonald in his individual capacity without prejudice. It appears that the district court contemplated that Carlos would amend the complaint to include valid claims against McDonald in his individual capacity. The district court did not invoke Fed.R.Civ.P. 54(b) which might have made its ruling otherwise appealable as a partial summary judgment. We lack appellate jurisdiction.
 
 III
 
 10
 As to Carlos' appeal from the denial of their request for attorney's fees, the district court did render a final decision; hence we are obliged to address that issue. At oral argument, the parties agreed that Mayor McDonald is no longer a party to this appeal, in either his official or his individual capacity. The only question before us, therefore, is whether the district court abused its discretion when it refused to award attorney's fees to the Carlos' against the Government of Guam as a "prevailing party" in a § 1983 suit.
 
 Section 1983 provides:
 
 11
 "Every person who, under color of any statute ... of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured...."
 
 
 12
 42 U.S.C. § 1983. A State is not a "person" for purposes of § 1983, nor is a state official acting in his or her official capacity a "person". Will v. Michigan Dept. of State Police, 491 U.S. 58, 69-71 (1989). Of course, there is a longstanding exception to that general rule: "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.' " Id. at 71 n. 10 (quoting Kentucky v. Graham, 473 U.S. 159, 167 n. 14 (1985)).
 
 
 13
 The Supreme Court has held that, like a State, a Territory (and specifically the Government of Guam) is not a "person" within the meaning of § 1983. Ngiraingas v. Sanchez, 495 U.S. 182, 192, 110 S.Ct. 1737, 1743 (1990). And in Guam Society of Obstetricians and Gynecologists v. Ada, 962 F.2d 1366 (9th Cir.1992), we reasoned that the traditional exception--that suits for prospective relief against state officials acting in their official capacity are not actions against the State--also extends to suits against Guam officials in their official capacity. Id. at 1371. Guam Society does not suggest, however, that a suit for prospective, injunctive relief under § 1983 can be brought against a State government or the Government of Guam itself. Indeed, such a proposition is untenable. Regardless of the nature of the relief sought, a suit under § 1983 may not be brought directly against a State government, see Seminole Tribe v. Florida, 116 S.Ct. 1114, 1124 (1996); Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100-101 (1984), nor, of course, may such a suit be brought against the Government of Guam.
 
 
 14
 Because the Government of Guam is not a "person" under § 1983, the Carlos' cannot be prevailing parties against Guam under 42 U.S.C. § 1988.[1] The district court reached the proper result when it denied the request for such fees.
 
 IV
 
 15
 The appeal from the district court's summary judgment (case number 95-17356) is DISMISSED for lack of jurisdiction. The district court's denial of attorney's fees (case number 96-15419) is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 In so holding, we are mindful that the Government of Guam may indeed be held liable for attorney's fees under 42 U.S.C. § 1988 in a proper case brought against a government official, Hutto v. Finney, 437 U.S. 678, 701 (1978). We decide only that the Government of Guam cannot be sued directly under § 1983 because it is not a person within the meaning of that provision