125 F.3d 858
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard H. EMMONS, Plaintiff-Appellant,
v.
COUNTY OF ORANGE; Marshal Dept. of the County of Orange;
Michael S. Corona, Marshal for the County of Orange, in his
individual and official capacities; James L. Hill; Don
Spears; Gary G. Tackett; Michael Padore, in their
individual and official capacities; Arthur G. Koelle,
Kathleen O'Leary; Manuel A. Ramirez; Frank Fasel; Robert
B. Hutson, in their individual and official administrative
capacities; Joint Marshals Personnel Committee for the
County of Orange, Defendants-Appellees.
 No. 96-55836.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1997.**
Sept. 24, 1997.
 
 Appeal from the United States District Court for the Central District of California Terry J. Hatter, Jr., District Judge, Presiding.
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Richard H. Emmons appeals the district court's order awarding interim attorney's fees pursuant to 42 U.S.C. § 1988. We dismiss the appeal for lack of jurisdiction.
 
 
 3
 Previously, there was an interlocutory appeal (Case No. 93-56365) pursuant to Fed.R.Civ.P. 54(b) to determine the constitutionality of four Marshal's Department's regulations. A three judge panel of this court affirmed the district court's order that the regulations were overbroad and therefore unconstitutional, and remanded for a determination of interim attorney's fees under 42 U.S.C. § 1988. Unlike the previous appeal, the present appeal has not been certified pursuant to Rule 54(b).
 
 
 4
 Although the parties did not raise the question of our jurisdiction, we must raise it sua sponte. See WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1135 (9th Cir.1997) (en banc).[1] We lack appellate jurisdiction over this appeal because an interim award of attorney fees under 42 U.S.C. § 1988 is not an appealable order. See Hillery v. Rushen, 702 F.2d 848, 848-49 (9th Cir.1983). Review of the interim fee award can be properly obtained after final judgment has been entered on the merits. See Gates v. Rowland, 39 F.3d 1439, 1450 (9th Cir.1994).
 
 
 5
 Accordingly, we dismiss Emmons' appeal for lack of jurisdiction.
 
 
 6
 DISMISSED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On June 17, 1997, this court ordered the parties to show cause why this appeal should not be dismissed for lack of jurisdiction. Appellees submitted a supplemental brief, while appellant declined to respond. Accordingly, the order to show cause is discharged