125 F.3d 857
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edward W. BLUM; Nancy A. Blum, Plaintiffs-Appellants,
v.
J. ARRIES, Lt., Kevin T. Hancock, Lt., and D. Lakin, SOS,
Defendants-Appellees.
 No. 96-15303.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1997.**
Decided Sept. 26, 1997.
 
 Appeal from the United States District Court for the District of Arizona, No. CV-95-02856-EHC/SLV; Earl H. Carroll, District Judge, Presiding.
 Before: HALL, BRUNETTI and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Federal prisoners Edward W. Blum and Nancy A. Blum appeal pro se the district court's order severing their civil rights action into two individual actions and dismissing their complaint and action without prejudice.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Appellants contend that the district court abused its discretion in severing their action into two individual actions. This contention lacks merit.
 
 
 4
 "A district court's decision regarding severance may be set aside only for abuse of discretion." Davis v. Mason County, 927 F.2d 1473, 1479 (9th Cir.1991) (citation omitted) (reviewing district court's denial of motion to sever plaintiffs' claims). Under the abuse of discretion standard, we cannot reverse unless we have "a definite and firm conviction that the district court made a clear error of judgment in its conclusion." Id. (citation omitted).
 
 
 5
 Here, the district court severed the action because it found that multi-plaintiff prisoner litigation burdens the court and the parties due to the possibility of transfer of inmates and the regulation of inmate-to-inmate correspondence. The district court dismissed the original action without prejudice but ordered to the clerk to assign case numbers and create files for the severed cases. The severance order does not prevent appellants from pursuing their individual cases. The district court did not abuse its discretion by severing the action rather than issuing an order permitting communication between appellants. See Davis, 927 F.2d at 1479-80.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court's dismissal of the entire action is a final appealable order, despite the fact that it was made "without prejudice." See McGuckin v. Smith, 974 F.2d 1050, 1053 (9th Cir.1992); cf. WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir.1997) (en banc) (order dismissing complaint "without prejudice" and granting leave to amend is not final)