127 F.3d 1106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Belinda POLLACK; Hanna Marie Pollack, by and through her
Guardian ad Litem, Belinda Pollack; Renee Steven Pollack,
by and through her Guardian ad Litem, Belinda Pollack;
Estate of Steven S. Pollack, by and through its Personal
Representative, Belinda Pollack, Plaintiffs-Appellants,
v.
AGUSTA, S.P.A., Agusta Aerospace Corporation; Sesto Calende
Works of Agusta; Siai Marchetti Corporation,
Defendant-Appellees.
Kathy LYON: Aaron J. Lyon, by and through his Guardian ad
Litem, Kathy Lyon; Tara Jean Lyon, by and through
her Guardian ad Litem, Kathy Lyon,
Plaintiffs-Appellants,
and
ESTATE OF DAVID LYON, by and through its Administratrix,
Kathy Lyon, Plaintiff-counter-defendant-Appellant,
v.
AGUSTA, S.P.A., Agusta Aerospace Corporation; Sesto Calende
Works of Agusta; Siai Marchetti Corporation,
Defendant-counter-claimants-Appellees.
Belinda POLLACK; Hanna Marie Pollack, by and through her
Guardian ad Litem, Belinda Pollack; Renee Steven Pollack,
by and through her Guardian ad Litem, Belinda Pollack;
Estate of Steven S. Pollack, by and through its Personal
Representative, Belinda Pollack, Plaintiffs-Appellees,
v.
SESTO CALENDE WORKS OF AGUSTA; Agusta Aerospace
Corporation; Defendants,
v.
SIAI MARCHETTI CORPORATION; Agusta, S.P.A.,
Defendants-third-party-plaintiffs-Appellants.
Kathy LYON; Aaron J. Lyon, by and through his Guardian ad
Litem, Kathy Lyon; Tara Jean Lyon, by and through
her Guardian ad Litem, Kathy Lyon,
Plaintiffs-Appellees,
and
ESTATE OF DAVID LYON, by and through its Administratrix,
Kathy Lyon, Plaintiff-counter-defendant-Appellee,
v.
AGUSTA, S.P.A., Agusta Aerospace Corporation; Siai
Marchetti Corporation,
Defendant-counter-claimants-Appellants,
and
SESTO CALENDE WORKS OF AGUSTA, Defendant-counter-claimant.
 Nos. 96-55762, 96-55768, 96-55854, 96-55881.
 United States Court of Appeals, Ninth Circuit.
 Submitted** Oct. 8, 1997.
Decided Oct. 14, 1997.
 
 Appeal from the United States District Court for the Central District of California Consuelo B. Marshall, District Judge, Presiding.
 Before O'SCANNLAIN, FERNANDEZ, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Belinda Pollack, individually, Hanna Marie Pollack, by and through her Guardian ad Litem, Belinda Pollack, Renee Steven Pollack, by and through her Guardian ad Litem, Belinda Pollack, Estate of Steven S. Pollack, by and through its Personal Representative, Belinda Pollack and Kathy Lyon, Aaron J. Lyon, by and through his Guardian ad Litem, Kathy Lyon, Tara Jean Lyon, by and through her Guardian ad Litem, Kathy Lyon, and Estate of David Lyon, by and through its Administratrix, Kathy Lyon appeal the judgment of the district court dismissing their separate actions against Agusta, S.P.A. and SIAI Marchetti Corporation. Those actions were part of a single matter in which the district court consolidated seven related actions that arose out of a November 26, 1993, aircraft accident in Santa Monica, California. We dismiss the appeals for lack of jurisdiction.
 
 
 3
 We do not have jurisdiction over an appeal from a district court order disposing of less than all of the actions in consolidated matters unless a certification pursuant to Federal Rule of Civil Procedure 54(b) has been obtained. See Huene v. United States, 743 F.2d 703, 704-05 (9th Cir.1984); see also Durfey v. E.I. DuPont de Nemours Co., 59 F.3d 121, 124 (9th Cir.1995).[1] In this case, the district court has dismissed only two of the seven actions in the consolidated matter. No Rule 54(b) certification has been obtained. Therefore, we must dismiss these appeals for lack of jurisdiction. We also dismiss the cross-appeals, which are moot in light of dismissal of the principal appeals. See Kapp v. National Football League, 586 F.2d 644, 649-50 (9th Cir.1978).
 
 
 4
 DISMISSED for lack of jurisdiction. In order to enable the parties to proceed expeditiously in the district court, the mandate shall issue immediately.
 
 
 
 **
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir. R. 34-4 and Fed. R.App. P. 34(a)
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Appellants have alluded to the jurisdictional problem in their brief, but rather hope that we will overlook it. We cannot. In fact, even if they had not brought it to our attention, we would have raised the jurisdictional question on our own. See WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1135 (9th Cir.1997) (en banc)