145 F.3d 1336
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard AMBLER, Plaintiff-Appellant,
v.
John H. DALTON, Secretary of the Navy, Defendant-Appellee.
 No. 97-35232.
 United States Court of Appeals, Ninth Circuit.
 May 22, 1998.
 
 Appeal from the United States District Court for the Western District of Washington.
 Before: SCHROEDER, TROTT, and FERNANDEZ, Circuit Judges.
 MEMORANDUM[1]
 BRYAN, J., Presiding
 
 Submitted May 14, 1998[2]
 
 1
 Richard Ambler appeals the district court? summary judgment against him in his action alleging that the Secretary of the Navy discriminated against him based on disability and retaliated against him for filing a discrimination complaint. We liberally construe the notice of appeal, which Ambler filed pro se prior to obtaining appellate counsel, to include an appeal from the district court's January 23, 1997, order denying Ambler's motion for reconsideration. See Meehan v. County of Los Angeles, 856 F.2d 102, 105-06 (9th Cir.1988) (a mistake in designating the judgment appealed from should not bar appeal as long as the intent can be fairly inferred and the appellee is not prejudiced or misled).[3]
 
 
 2
 We review the denial of the motion for reconsideration for abuse of discretion. See Sheet Metal Workers' Int'l Ass'n Local Union, No. 359, 84 F.3d 1186, 1292 (9th Cir.1996). Ambler's contention that the district court erred by failing to grant a continuance pursuant to Fed.R.Civ.P. 56(f) lacks merit. Not only did Ambler never request a continuance, but the district court denied the motion for reconsideration without prejudice, expressly advising Ambler that he "may attempt further efforts to set aside the judgment." Denial of the motion for reconsideration on these terms did not constitute an abuse of discretion. Moreover, Ambler has not shown that the district court erred in granting the motion for summary judgment.
 
 
 3
 AFFIRMED.
 
 
 
 [1]
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [2]
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 [3]
 Because the district court did enter a final judgment, we reject the Secretary's assertion that the without-prejudice nature of the denial of the motion for reconsideration deprives this court of jurisdiction. Cf WMX Technologies, Inc. v. Miller, 104 F.3d 1133 (9th Cir.1997) (appellate jurisdiction is lacking, in the absence of a final judgment, where court grants leave to amend complaint but plaintiff does not amend)