**In re David Timothy NYREN, Sandra Kay Nyren, Debtors.**

**The R.J. CARBONE COMPANY, Movant,**

v.

**David Timothy NYREN, Sandra Kay Nyren, Barbara Hankin, Trustee, Respondents.**

**Bankruptcy No. 95–22795.**

United States Bankruptcy Court, D. Connecticut.

Oct. 3, 1995.

Julie A. Manning, Schatz & Schatz, Ribicoff & Kotkin, Hartford, CT, for Movant.

Robert G. Wetmore, Wallingford, CT, for Debtors–Respondents.

F. Woodward Lewis, Jr., Yalesville, CT, for Trustee–Respondent.

### RULING ON MOTION FOR RELIEF FROM STAY

ROBERT L. KRECHEVSKY, Chief Judge.

### I.

#### ISSUE

The R.J. Carbone Company ("Carbone") seeks in this Chapter 7 case a modification of

---

the stay imposed by 11 U.S.C. § 362(a) in order to proceed with a pending prepetition state-court action to enjoin David Timothy Nyren, the debtor, from violating a covenant not to compete ("covenant"). The debtor and the Chapter 7 trustee object, primarily contending the covenant either is a dischargeable claim, or, if not, the covenant was procured by Carbone's fraud and not enforceable. A hearing held on September 13, 1995 established the following background.

## II.

### BACKGROUND

Carbone, a Rhode Island Company, on July 29, 1994, employed the debtor as a floral hard goods sales representative. On the same date, the debtor, in consideration of $1,000 received from Carbone, executed an agreement in which the debtor covenanted, for a period of one year after the termination of his employment for any reason, not to render services as a floral products sales representative in the same geographic area where the debtor had marketed Carbone products. The covenant provided that in the event of its breach by the debtor, Carbone would be entitled to injunctive relief to prevent further breach.

The debtor, on July 8, 1995, terminated his employment and immediately became employed by a competitor of Carbone operating in a common geographic area. Carbone, on July 21, 1995, started an action against the debtor in the Rhode Island Superior Court (state court), seeking injunctive relief for breach of the covenant. The state court, on July 25, 1995, entered a temporary restraining order set to expire on August 4, 1995, when the state court had scheduled a temporary injunction hearing. The debtor filed a Chapter 7 petition on August 3, 1995, and Barbara L. Hankin, Esq., was appointed trustee of the debtor's estate. Carbone filed its motion for relief from stay on August 17, 1995.

## III.

### DISCUSSION

The rulings dealing with the issues before the court have generally held that an employer's right to an injunction to prevent a former employee from violating a covenant not to compete does not qualify as a "claim" dischargeable in the employee's bankruptcy case since no expenditure of money is required to comply, and the employer is accordingly entitled to relief from the automatic stay to pursue state-court injunctive relief. *See In re Udell,* 18 F.3d 403 (7th Cir.1994); *In re Hughes,* 166 B.R. 103 (Bankr.S.D.Ohio 1994); *Oseen v. Walker (In re Oseen),* 133 B.R. 527 (Bankr.D.Idaho 1991). *But See In re Kilpatrick,* 160 B.R. 560 (Bankr.E.D.Mich. 1993) (relief from stay denied because, under Michigan law, money damages would be awarded for debtor's breach of noncompete agreement and nondebtor holds dischargeable claim).

All of these holdings arose in Chapter 13 cases, where the debtor's postpetition earnings from personal services are property of the debtor's estate. *See* § 1306(a)(2). ("Property of the estate includes ... earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed or converted to a case under chapter 7, 11, or 12....."). The Seventh Circuit in *Udell* noted that a bankruptcy court in a Chapter 13 case, in deciding whether to lift the stay, should consider, *inter alia,* prejudice to the debtor's estate and the employer's probability of prevailing on the merits in the state-court litigation. *See Udell,* 18 F.3d at 410. No such concerns are present in a Chapter 7 case, where the debtor's postpetition earnings are not property of the estate. *See* § 541(a)(6) (Property of the estate does not include "earnings from services performed by an individual debtor after the commencement of the case."). *See May v. Charles Booher & Associates, Inc. (In re May),* 141 B.R. 940 (Bankr.S.D.Ohio 1992) (Chapter 7 discharge no bar to employer pursuing injunction against debtor for future breaches of covenants not to compete).

The question raised by the trustee and the debtor of whether there were fraudulent misrepresentations by Carbone which render the covenant unenforceable, is a matter of state law to be decided by the state court where an

action is pending, and not by the bankruptcy court. This is so notwithstanding the trustee's contention that the debtor's estate holds a "counter-claim" against Carbone for damages. *See* Trustee brief at 4.

Carbone having conceded during the hearing that its intention in state court is to proceed only as to injunctive relief and not seek damages for any alleged violation of the covenant, the court concludes that the trustee's and debtor's objections are not sustainable. The covenant not to compete does not qualify as a dischargeable claim and Carbone is entitled to relief from stay.

### IV.

### CONCLUSION

The motion for relief from stay is granted to permit Carbone to pursue its state-court action against the debtor, limited to a request for injunctive relief.

### JUDGMENT

The motion of The R.J. Carbone Company for relief from the stay imposed by 11 U.S.C. 362(a) having been heard, and the Court having issued a written ruling of even date granting the motion, it is

ORDERED AND ADJUDGED that the stay be modified to permit the movant to pursue its state-court action against David Timothy Nyren, the debtor, limited to a request for injunctive relief.