**In re Richard Lewis REPPOND.**

**Bankruptcy No. 99–50130 S.**

United States Bankruptcy Court,
E.D. Arkansas,
Pine Bluff Division.

Aug. 19, 1999.

William W. Benton, Pine Bluff, AR, for plaintiff.

L. David Stubbs, Dumas, AR, for debtor.

Walter M. Dickinson, Little Rock, AR, trustee.

## ORDER GRANTING RELIEF FROM STAY

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon a "Motion for Partial Relief from the Automatic Stay" filed on April 19, 1999, by D & M Flying Service, Inc., Danny French and Mike French.

In March 1997, the debtor as lessee and the movants, D & M Flying Service, Danny French and Mike French, entered into an agreement for the lease of an aircraft. The contract included a covenant that debtor would not compete with the lessors for fifteen years within a certain geographic area but provided for no monetary damages in the event of a breach of this covenant. The business relationship apparently being unsuccessful, on January 13, 1999, the movants filed an action in state court to enforce the covenant not to compete. A temporary restraining order and preliminary injunction was issued and trial scheduled for February 2, 1999. The day prior to the scheduled hearing, debtor filed a chapter 7 petition in bankruptcy. The debtor received his discharge on May 11, 1999.

The movants seek relief from stay in order to pursue their state law remedies as well as enforcement of the covenant not to compete. They do not seek monetary damages in the state court action but seek only to have the covenant not to compete enforced. The debtor asserts that the covenant was discharged in the bankruptcy.[1]

Under the Bankruptcy Code, entry of the discharge "discharges the debtor from all debts that arose before the date of the order for relief under this chapter...." 11 U.S.C. § 727(b). The discharge releases the debtor only as to a liability on a "debt," which is a "liability on a claim." 11 U.S.C. § 101. A claim includes the

right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

11 U.S.C. § 101(5). Although the case authority is divided as to whether this statute permits the discharge of the obligations under a covenant not to compete, the vast majority of cases, relying upon language in *Ohio v. Kovacs*, 469 U.S. 274, 105 S.Ct. 705, 83 L.Ed.2d 649 (1985), determine that these obligations are not dischargeable. *See In re Printronics, Inc.*, 189 B.R. 995 (Bankr.N.D.Fla.1995); *In re Oseen*, 133 B.R. 527 (Bankr.D.Idaho 1991); *see also Matter of Udell*, 18 F.3d 403 (7th Cir.1994); *In re Hughes*, 166 B.R. 103 (Bankr.S.D.Ohio 1994); *In re Thomas*, 133 B.R. 92 (Bankr.N.D.Ohio 1991). *But see In re Ward*, 194 B.R. 703 (Bankr.D.Mass. 1996); *In re Kilpatrick*, 160 B.R. 560 (Bankr.E.D.Mich.1993). This Court agrees with the majority of the cases and holds that the covenant not to compete clause in the agreement is not a claim subject to discharge in this bankruptcy case.

Based upon the nondischargeability of this covenant the movants request relief from stay in order to pursue their state court remedies to enforce it. Inasmuch as cause has been shown, 11 U.S.C. § 362(d)(1), and there being no evidence in rebuttal to this showing, the relief from stay is merited. Accordingly,

**ORDERED** that the "Motion for Partial Relief from the Automatic Stay" filed on April 19, 1999, is Granted.

**IT IS SO ORDERED.**

---

1. The debtor raises other, state law issues in his response. These are all matters which can and should be determined by the Chancellor in the state court action.