equitable relief sought, it is clear that Medicap was not seeking the payment of money. Medicap's right to equitable relief does not, therefore, equate to being a claim.

Nor is the requested injunction an alternative to the right of payment. The Medicap franchise agreement is governed by Iowa law. Iowa law, therefore, determines the nature of Medicap's remedies arising from the Kennedys' breach. *See Butner v. United States*, 440 U.S. 48, 54-55 (1979). Under Iowa law, damages may be awarded in addition to an injunction for breach of a covenant not to compete. An injunction, however, is designed to avoid irreparable injury and may issue only when the party seeking it has no adequate remedy at law. *Presto-X-Company v. Ewing*, 442 N.W.2d 85, 89 (Iowa 1989). A review of Iowa cases shows that damages are awarded for specific injuries already incurred, and that an injunction may issue only when damages are inadequate for future injuries. *See, e.g., Green v. Advance Homes, Inc.*, 293 N.W.2d 204, 208-09 (Iowa 1980). We decline to follow the analysis in *Ward* that would require us to ignore Iowa law. Medicap does not have discretion to choose either damages or equitable relief for future damages. It can only obtain equitable relief if money damages for future injuries are inadequate. Therefore, under Iowa law, equitable relief is not an alternative to a right to payment for future injuries.[1]

   **AFFIRMED**.

---

[1] In *Kilpatrick*, 60 B.R. at 569, the bankruptcy court concluded that because money damages were available for a contempt violation under Michigan law, the right to enforce an injunction via contempt proceedings is a claim subject to discharge. Damages for contempt of an injunction, however, arise from a separate post-petition breach of performance, *i.e.*, breach of the injunction, not the pre-petition breach of the covenant not to compete. It would not, therefore, be a claim discharged in bankruptcy. In any event, Iowa law does not permit damages for a contempt violation. *See French v. Iowa Dist. Ct. for Jones County*, 546 N.W.2d 911, 914-15 (Iowa 1996).

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2001 FED App. 0350P (6th Cir.)
File Name: 01a0350p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

DONALD RAY KENNEDY;
SHIRLEY JEAN KENNEDY,
          *Appellants,*

     *v.*                                No. 00-5981

MEDICAP PHARMACIES, INC.,
          *Appellee.*

Appeal from the United States District Court
for the Western District of Kentucky at Owensboro.
No. 00-00047—Joseph H. McKinley, Jr., District Judge.

Argued: September 18, 2001

Decided and Filed: October 2, 2001

Before: GUY and MOORE, Circuit Judges; HULL,
District Judge.

---

[*] The Honorable Thomas G. Hull, United States District Judge for the Eastern District of Tennessee, sitting by designation.

---

**COUNSEL**

---

**ARGUED:** David E. Arvin, Hopkinsville, Kentucky, for Appellants. Alan M. Anderson, LARKIN, HOFFMAN, DALY & LINDGREN, Bloomington, Minnesota, for Appellee. **ON BRIEF:** David E. Arvin, Hopkinsville, Kentucky, for Appellants. Alan M. Anderson, C. Erik Hawes, LARKIN, HOFFMAN, DALY & LINDGREN, Bloomington, Minnesota, for Appellee.

---

**OPINION**

---

RALPH B. GUY, JR., Circuit Judge. Debtors, Donald Ray Kennedy and Shirley Jean Kennedy, appeal from the judgment of the district court affirming an order of the United States Bankruptcy Court for the Western District of Kentucky, which found the Kennedys' obligations under a covenant not to compete were nondischargeable and terminated the automatic stay to allow plaintiff, Medicap Pharmacies, Inc., to seek an injunction. The Kennedys argue that the district court and the bankruptcy court erred in finding Medicap's right to an equitable remedy for breach of the covenant was not a "claim" dischargeable in bankruptcy. After a review of the record and the arguments presented on appeal, we affirm.

**I.**

In 1994, the Kennedys entered into a franchise agreement to operate a Medicap Pharmacy in Owensboro, Kentucky. Under the franchise agreement, the Kennedys could not "[o]wn, operate, consult with, or be employed by or in a drug store or pharmacy located within two (2) miles of the Medicap Pharmacy® store licensed hereunder" for a period of two years following expiration or termination of the franchise agreement.

---

Only one appellate court has addressed whether an injunction for breach of a covenant not to compete is a claim and, therefore, dischargeable in bankruptcy. In *Matter of Udell*, 18 F.3d 403 (7th Cir. 1994), the court found that the right to equitable relief for breach of a covenant not to compete was not dischargeable. The contract in *Udell* contained a liquidated damages clause and a covenant not to compete. Indiana law, which governed the contract, allowed an injunction to issue only if the remedy for damages was inadequate. The award of an injunction was permitted in addition to liquidated damages. The court concluded that the availability of liquidated damages did not render the right to equitable relief a claim.

In light of *Kovacs*, *Home State Bank* and the legislative history of § 101(5)(B), we hold that a right to an equitable remedy for breach of performance is a "claim" if the same breach also gives rise to a right to a payment "with respect to" the equitable remedy. If the right to payment is an "alternative" to the right to an equitable remedy, the necessary relationship clearly exists, for the two remedies would be substitutes for one another.

*Udell*, 18 F.3d at 408. We agree. The right to equitable relief constitutes a claim only if it is an alternative to a right to payment or if compliance with the equitable order will itself require the payment of money.

In *Udell*, the two rights available for breach of the covenant not to compete addressed entirely separate remedial concerns: (1) an injunction against the future realization of a threatened breach of the covenant not to compete; and (2) liquidated damages for the actual harm that has already accrued from the threat. Consequently, the right to an injunction was not discharged in bankruptcy. *Id.* at 409-10. In this case, compliance with an injunction would not require the expenditure of money. The Kennedys would simply be required to cease operating the pharmacy in violation of the franchise agreement. Looking at the substance of the

In June 1997, Medicap obtained a money judgment from an Iowa state court for nonpayment of royalty fees under the franchise agreement. In December 1997, the Kennedys terminated the franchise agreement. The Kennedys concede that they breached the covenant not to compete by working in a pharmacy known as Kennedy Pharmacy at the same location as the Medicap Pharmacy. In January 1998, Medicap brought an action in an Iowa state court to enjoin the operation of the Kennedy Pharmacy in violation of the covenant not to compete. The case was later removed to the United States District Court for the Southern District of Iowa.

On May 4, 1998, the Kennedys filed a Chapter 13 bankruptcy petition, which they converted to Chapter 7 in January 1999. The Kennedys obtained a discharge on June 4, 1999. On June 1, 1999, Medicap filed this adversary proceeding requesting a determination that the Kennedys could not reject the franchise agreement because it was terminated pre-petition, and that Medicap's right to equitable relief for breach of the covenant not to compete was not dischargeable in bankruptcy. Medicap also requested a permanent injunction enforcing the covenant not to compete.

The bankruptcy court granted summary judgment and terminated the automatic stay to permit Medicap to seek an injunction in the Iowa district court. The Kennedys appealed to the United States District Court for the Western District of Kentucky. The district court affirmed the decision of the bankruptcy court, and this appeal followed.

## II.

We review the grant of summary judgment by a bankruptcy court *de novo*. *In re Koenig Sporting Goods, Inc.*, 203 F.3d 986, 988 (6th Cir. 2000). Summary judgment is appropriate when there are no issues of material fact in dispute, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); FED. R. BANKR. P. 7056.

(Bankr. W.D. Mo. 1985). Others have held that the injunctive right is not a claim because it is available only if the remedy at law is inadequate and there is, therefore, no right to payment arising from the breach. *See In re Reppond*, 238 B.R. 442, 443 (Bankr. E.D. Ark. 1999); *In re Printronics, Inc.*, 189 B.R. 995, 1001 (Bankr. N.D. Fla. 1995); *Oseen v. Walker (In re Oseen)*, 133 B.R. 527 (Bankr. D. Idaho 1991); *In re Cox*, 53 B.R. 829, 832 (Bankr. M.D. Fla. 1985). In some cases, the stay was lifted to permit a state court to determine whether monetary damages were adequate. If the state court found injunctive relief was appropriate, then injunctive relief was not construed by the bankruptcy court to be a claim. If the court found that a monetary award was adequate compensation and an injunction was therefore not appropriate, then the plaintiff's entire claim was discharged under 11 U.S.C. § 727(b). *See, e.g., Cox*, 53 B.R. at 832.

Two bankruptcy courts have held a right to equitable relief for breach of a covenant not to compete is dischargeable in bankruptcy. In the first, *In re Kilpatrick*, 160 B.R. 560, 564 (Bankr. E.D. Mich. 1993), the bankruptcy court found that under 11 U.S.C. § 101(5), a right that can be reduced to monetary damages is a claim even if that right could also be enforced by means of an equitable remedy. Under Michigan law, a breach of a covenant not to compete can be reduced to monetary damages. The bankruptcy court found that the moving party had failed to show that equitable relief was the only viable remedy for breach of the covenant not to compete. As a result, its rights under the covenant not to compete were found to be a claim. *Id*. at 566. In *Maids International, Inc. v. Ward (In re Ward)*, 194 B.R. 703, 712 (Bankr. D. Mass. 1996), the bankruptcy court found that the adequate remedy rule was essentially dead, and that it was a matter of choice for the plaintiff to elect either damages or injunctive relief for breach of a covenant not to compete. Because the plaintiff had the right to obtain either damages for the debtor's future competition or an injunction, the plaintiff's rights under the covenant were claims under 11 U.S.C. § 105(B).

Except for certain kinds of debts listed in the Bankruptcy Code, a discharge under § 727 discharges a debtor from all debts that arose before bankruptcy. 11 U.S.C. § 727(b). A debt is a "liability on a claim." 11 U.S.C. § 101(12). A claim is defined as:

(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or

(B) *right to an equitable remedy for breach of performance if such breach gives rise to a right to payment*, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured[.]

11 U.S.C. § 101(5) (emphasis added).

In *Ohio v. Kovacs*, 469 U.S. 274 (1985), the Supreme Court provided some guidance on the interpretation of § 101(5)(B). As originally drafted in H.R. 8200, a right to equitable relief for breach of performance would be a claim even if it did not give rise to a right of payment. *Id*. at 280. The definition of a claim was narrowed, however. One of the sponsors of § 101(5)(B) (then § 101(4)(B)) discussed its scope, explaining that it

is intended to cause the liquidation or estimation of contingent rights of payment for which there may be an alternative equitable remedy with the result that the equitable remedy will be susceptible to being discharged in bankruptcy. For example, in some States, a judgment for specific performance may be satisfied by an alternative right to payment in the event performance is refused; in that event, the creditor entitled to specific performance would have a "claim" for purposes of proceeding under title 11.

124 CONG. REC. 32393 (1978) (remarks of Rep. Edwards). After considering the legislative history, the Court in *Kovacs* held that an injunction giving rise to a payment of money is a claim. The state court had issued an injunction ordering the cleanup of an environmentally contaminated site. The state court later appointed a receiver to take possession of the property. Cleanup was underway when the debtor filed bankruptcy. The Supreme Court agreed with this court's conclusion that once bankruptcy had been filed the receiver only wanted money to defray the cleanup costs. The cleanup order essentially had been converted into an obligation to pay money. Since the cleanup order gave rise to a payment of money, it was a claim dischargeable in bankruptcy. *Id.* at 283. The Court emphasized that it did not decide whether the injunction against further pollution was also a "claim." *Id.* at 284.

In *United States v. Whizco, Inc.*, 841 F.2d 147 (6th Cir. 1988), this court held that an injunction was dischargeable when the debtor was ordered to reclaim land he had surface mined for coal. This court stated: "[W]hen we look at the substance of what the plaintiff seeks, rather than the form of the relief sought, we see that the plaintiff is really seeking payment. . . . To the extent that the defendant can comply with the Secretary's orders without spending money, his bankruptcy did not discharge his obligation to comply with the orders." *Id.* at 150-51.

The majority of bankruptcy courts have held that the right to equitable relief for breach of a covenant not to compete is not dischargeable in bankruptcy. Some cases, relying on *Kovacs,* have held that the right is not a claim because compliance does not require the expenditure of money. *See R.J. Carbone Co. v. Nyren (In re Nyren)*, 187 B.R. 424, 425 (Bankr. D. Conn. 1995); *In re Hughes*, 166 B.R. 103, 106 (Bankr. S.D. Ohio 1994); *May v. Charles Booher & Assoc. (In re May)*, 141 B.R. 940, 944 (Bankr. S.D. Ohio 1992); *In re Peltz*, 55 B.R. 336, 338 (Bankr. M.D. Fla. 1985); *Carstens Health Indus. v. Cooper (In re Cooper)*, 47 B.R. 842, 845