

## NOT FOR PUBLICATION

## UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>CHRISTINA STACEYMARIE HILLYER,<br>Debtor. | BAP No. NV-20-1238-TLB<br><br>Bk. No. 2:20-bk-10318-BTB |
| SSA ARCHITECTURE; SMALL STUDIO ASSOCIATES, LLC; KEN SMALL,<br>Appellants,<br>v.<br>CHRISTINA STACEYMARIE HILLYER,<br>Appellee. | Adv. No. 2:20-ap-01041-BTB<br><br>**MEMORANDUM**[*] |

Appeal from the United States Bankruptcy Court
for the District of Nevada
Bruce T. Beesley, Bankruptcy Judge, Presiding

Before: TAYLOR, LAFFERTY, and BRAND, Bankruptcy Judges.

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

# I. INTRODUCTION

SSA Architecture, Small Studio Associates, LLC, and Ken Small (collectively, "SSA") appeal from the bankruptcy court's order dismissing their adversary proceeding against chapter 7[1] debtor Christina Staceymarie Hillyer for SSA's failure to effect service of the summons and complaint. We AFFIRM.

# II. FACTS[2]

## A. The bankruptcy case and adversary proceeding

In January of 2020, Hillyer filed a petition for chapter 13 relief. The case was subsequently converted to chapter 7.

The first § 341(a) meeting of creditors in the converted case was scheduled for April 1, 2020, making June 1, 2020 the last day for creditors to file a §§ 523(a)(2), (4), or (6) complaint by operation of Rules 1019(2)(A), 4007(c), and 9006(a)(1)(C). The bankruptcy court also set May 14, 2020, as the deadline for general creditors to file a proof of claim.

On March 19, 2020, SSA filed its only adversary complaint against Hillyer. It alleged causes of action based on contract, tort, and Civil RICO pursuant to the Nevada Civil RICO Acts. It prayed for injunctive relief to

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure

[2] We exercise our discretion to take judicial notice of documents electronically filed in the bankruptcy court's dockets. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

prevent Hillyer from competing with it, various damages, and attorney's fees and costs. But the complaint did not include a cause of action under § 523, and its prayer for relief did not seek a determination of nondischargeability.

SSA did not file a proof of claim by the claims bar date.

The chapter 7 trustee filed a report of no distribution on May 7, 2020, and the bankruptcy court entered an order of discharge on June 22, 2020.

**B. Hillyer's motion to dismiss the adversary proceeding for insufficient service of process**

On March 20, 2020, the bankruptcy court issued a summons in the adversary proceeding. The ninety-day period under Civil Rule 4(m), made applicable by Rule 7004(a)(1), in which SSA was required to effect service of the summons and complaint, expired on June 18, 2020.

On June 22, 2020, Hillyer filed a motion to dismiss the complaint for insufficient service of process under Civil Rule 12(b)(5), made applicable by Rule 7012(b) ("Motion").

SSA opposed the Motion. It contended that it had served the summons and complaint on Hillyer. In support of this contention, however, it attached a declaration in which its counsel's employee stated that she had served the complaint on Hillyer's counsel by first class mail on April 30, 2020. The declaration made no mention of any service of the summons on Hillyer's counsel. Nor did it mention any service of the summons or complaint on Hillyer.

SSA also argued that good cause existed to extend the deadline to serve the summons and complaint because it believed that it effectuated service when it mailed the complaint to Hillyer's counsel. It further argued that there was no prejudice to Hillyer for any failure to serve the summons and complaint because, it alleged, her counsel received actual notice of the complaint long before the time for service elapsed. According to SSA, Hillyer's counsel referenced the complaint during a session of the § 341(a) meeting of creditors.

In reply to the opposition to the Motion, Hillyer pointed out that the declaration filed in support of the opposition only evidenced service of the complaint on her counsel. She argued that even if her counsel had actual knowledge of the adversary proceeding, such knowledge could not be imputed to her and would not excuse compliance with Rule 7004 and Civil Rule 4(m).

The bankruptcy court held a hearing on the Motion, which SSA did not attend. Thereafter, the bankruptcy court entered an order: (1) finding that the summons and complaint had not been served on Hillyer; (2) finding that SSA had not demonstrated cause to extend the service deadline; and (3) granting the Motion. This appeal followed.

### III. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and

157(b)(2)(B). We have jurisdiction under 28 U.S.C. § 158.[3]

## IV. ISSUE

Did the bankruptcy court abuse its discretion in dismissing the adversary proceeding for insufficient service of process?

## V. STANDARD OF REVIEW

We review the bankruptcy court's order dismissing the adversary proceeding for failure to properly serve the summons and complaint for an abuse of discretion. *Oyama v. Sheehan (In re Sheehan)*, 253 F.3d 507, 511 (9th Cir. 2001). The bankruptcy court abuses its discretion if it applies the wrong legal standard or its findings are illogical, implausible, or without support in the record. *See TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

We may affirm on any ground fairly supported by the record.

---

[3] The order on appeal, which dismissed the adversary proceeding without prejudice, was a final order, not an interlocutory order. An order granting dismissal is final and appealable "if it (1) is a full adjudication of the issues, and (2) clearly evidences the judge's intention that it be the court's final act in the matter." *Nat'l Distrib. Agency v. Nationwide Mut. Ins. Co.*, 117 F.3d 432, 433 (9th Cir. 1997) (internal citation and quotation marks omitted). On the face of the complaint and as characterized by SSA in briefing and during oral argument, the complaint strictly sought monetary damages and injunctive relief under state law claims. As explained *infra*, SSA's continued pursuit of damages against the estate is now barred by the bankruptcy discharge and SSA's failure to file a proof of claim. And the injunctive relief SSA sought against Hillyer can and should be resolved in state court. Therefore, the dismissal was, in effect, "with prejudice." *See Montes v. United States*, 37 F.3d 1347, 1350 (9th Cir. 1994) ("[T]he effect of a dismissal without prejudice may be to end the litigation in the court involved, but not to act as an adjudication on the merits or to bar the filing of a similar action in another court. In such a case, the dismissal would be final and appealable." (internal citation and quotation marks omitted)).

*Leavitt v. Soto (In re Leavitt)*, 171 F.3d 1219, 1223 (9th Cir. 1999).

## VI. DISCUSSION

Rule 7004 sets forth the procedure for serving a summons in an adversary proceeding. If jurisdiction is consistent with the Constitution and laws of the United States, personal jurisdiction over a defendant may be obtained by serving a summons or filing a waiver of service in accordance with Rule 7004 and the subdivisions of Civil Rule 4 made applicable to adversary proceedings. Rule 7004(f). When the defendant is a debtor in an open bankruptcy case, service of the summons may be made through first class mail postage prepaid "by mailing a copy of the summons and complaint to the debtor at the address shown in the petition or to such other address as the debtor may designate in a filed writing." Rule 7004(b)(9). In addition, if the debtor is represented by an attorney, then service must also be made on the debtor's attorney by means authorized under Civil Rule 5(b). Rule 7004(g).

Rule 7004(a) incorporates Civil Rule (4)(m), which provides in pertinent part that:

> [i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Civil Rule (4)(m).

6

SSA asserts that the bankruptcy court erred in determining that SSA failed to serve Hillyer with the summons and complaint. But the only evidence before the bankruptcy court and on appeal establishes the contrary. SSA neither argued nor presented any evidence that it timely mailed a copy of the summons and complaint to Hillyer as required by Rule 7004(b) and Civil Rule 4(m). Nor did it present any evidence that it mailed a copy of the summons to Hillyer's counsel in compliance with Rule 7004(g). Thus, there is no merit to SSA's argument that the bankruptcy court improperly determined that SSA failed to timely serve Hillyer.

While not challenged on appeal, we note that the bankruptcy court also properly determined that SSA did not demonstrate that good cause existed for its noncompliance with Rule 7004 and Civil Rule 4(m). SSA's ignorance of service rules "and half-hearted attempts to serve the defendant do not constitute good cause[.]" *Cartage Pac., Inc. v. Waldner (In re Waldner)*, 183 B.R. 879, 882 (9th Cir. BAP 1995).

Though good cause had not been shown, the bankruptcy court had broad discretion to extend the period for service. *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007); *In re Sheehan*, 253 F.3d at 513. There is no specific test for a bankruptcy court to employ in determining whether to exercise its discretion. Among other things, it "may consider factors 'like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'" *Efaw*, 473 F.3d at 1041 (quoting *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998)). Admittedly, the record does not

indicate that Hillyer suffered meaningful prejudice by SSA's delay in service. Nevertheless, and contrary to SSA's urging, the facts of this case clearly did not require the exercise of discretion to extend the service period under Civil Rule 4(m).

SSA did not articulate any cognizable prejudice before the bankruptcy court or us. Had the bankruptcy court granted SSA an extension of time to serve Hillyer, Hillyer's discharge would have nevertheless enjoined SSA from continuing to seek damages against her. *See* § 524(a)(2). In addition, SSA would not be entitled to a distribution from the bankruptcy estate on its claims because it failed to file a proof of claim and because the chapter 7 trustee issued a report of no distribution. Thus, SSA would be limited to its pursuit of injunctive relief.

And as to injunctive relief claims, the majority of courts hold that these claims survive discharge; Hillyer does not dispute that SSA can refile, presumably in the state court, to seek such relief. *See Kennedy v. Medicap Pharmacies, Inc.*, 267 F3d 493, 497-98 (6th Cir. 2001); *In re Udell*, 18 F.3d 403, 408-09 (7th Cir. 1994); *Dent Wizard Int'l Corp. v. Brown (In re Brown)*, 237 B.R. 740, 745 (Bankr. C.D. Cal. 1999).

We also note that SSA did not assert that its claims would be barred by a statute of limitations following a dismissal of the adversary proceeding. But even in such a case, the requirements of "[Civil] Rule 4(m) are not altered by the intervention of a time bar that precludes refiling," such that the bankruptcy court's authority to dismiss the complaint would

8

be eliminated. *Herrero v. Guzman (In re Guzman)*, No. CC-10-1013-HDMk, 2010 WL 6259994, at *5 (9th Cir. BAP Sept. 20, 2010); *see also Guerrero v. Baca*, No. 03-57203, 154 F. App'x 601 (9th Cir. 2005); *Deluxe Mktg., Inc. v. Deluxemarketingincscam.wordpress.com*, No. CV-13-02144-PHX-SPL, 2014 WL 4162270, at *5 (D. Ariz. Aug. 20, 2014). SSA has waived any such prejudice argument, and it would not be dispositive if raised.

Finally, we disagree with SSA that it established that Hillyer received a copy of the complaint or otherwise received actual notice of the adversary proceeding. Hillyer stated in a declaration that she never received service of the complaint, and SSA only submitted evidence that it mailed the complaint to Hillyer's counsel. A defendant "could not be presumed to have actual notice merely because the complaint was served on his attorney." *In re Sheehan*, 253 F.3d at 512 n.5. And notice or awareness is only part of the equation; it is beyond doubt that the bankruptcy court never acquired jurisdiction over Hillyer in the adversary proceeding because SSA never served the summons. Indeed, SSA did not serve Hillyer even after it became aware of the defects in its service attempt.

Based on the foregoing, we discern no abuse of discretion in the bankruptcy court's dismissal of the adversary proceeding for failure to properly serve the summons and complaint.

### VII. CONCLUSION

Accordingly, we AFFIRM.

9