**NATIONAL DISTRIBUTION AGENCY, a Delaware corporation, Plaintiff–Appellant,**

v.

**NATIONWIDE MUTUAL INSURANCE COMPANY, a business entity, Defendant–Appellee.**

No. 96–55362.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 1997.*

Decided July 3, 1997.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); Circuit Rule 34–4.

Brian D. Boydston, Pick & Boydston, Los Angeles, CA, for plaintiff–appellant.

Robin A. Webb, Craig S. Momita, Daniels, Baratta & Fine, Los Angeles, CA, for defendant–appellee.

Before: BRUNETTI and O'SCANNLAIN, Circuit Judges, and HOGAN,** District Judge.

** Hon. Michael R. Hogan, Chief United States District Judge for the District of Oregon, sitting

BRUNETTI, Circuit Judge:

## OVERVIEW

National Distribution Agency ("NDA") filed this action against Nationwide Mutual Insurance Company ("Nationwide") after Nationwide refused to defend a lawsuit brought against NDA. Nationwide filed a motion to dismiss, which the district court granted with the following order: "IT IS HEREBY ORDERED that the motion to dismiss of defendant Nationwide Mutual Insurance be GRANTED. *The Court may amend or amplify this order with a more specific statement of the grounds for its decision.*" (emphasis added). The district court entered no further orders in this case.

## DISCUSSION

"Although the parties did not raise the question of our jurisdiction, we have raised it sua sponte, as we must." *WMX Technologies, Inc. v. Miller,* 104 F.3d 1133, 1135 (9th Cir.1997) (en banc). Because the district court has not entered a final decision, we dismiss this appeal for lack of jurisdiction. *See id.* This court's jurisdiction is limited to final decisions of the district court. 28 U.S.C. § 1291. A ruling is final for purposes of § 1291 if it (1) is a full adjudication of the issues, and (2) "clearly evidences the judge's intention that it be the court's final act in the matter." *In re Slimick,* 928 F.2d 304, 307 (9th Cir.1990) (*citing United States v. F. & M. Schaefer Brewing Co.,* 356 U.S. 227, 234, 78 S.Ct. 674, 678–79, 2 L.Ed.2d 721 (1958)); *see also FirsTier Mortgage Co. v. Investors Mortgage Ins. Co.,* 498 U.S. 269, 273–74, 111 S.Ct. 648, 651–52, 112 L.Ed.2d 743 (1991). Both sentences of the district court's order raise questions of finality.

In the first sentence of its ruling, the court ordered that Nationwide's motion to dismiss be granted. We have previously recognized that an order granting a motion to dismiss, standing alone, may not be appealable. *See, e.g., Montes v. United States,* 37 F.3d 1347, 1350 (9th Cir.1994); *Slimick,* 928 F.2d at 307 n. 2. In these cases, we have looked beyond the dismissal order and read

by designation.

the entire record to determine what effect the court intended its order to have. *See Montes,* 37 F.3d at 1350–51. In *Montes,* we read the dismissal order together with other rulings by the court and determined that the order granted the plaintiff leave to amend. *Id.* Accordingly, we found that the dismissal was not an appealable order. *Id.; see also WMX,* 104 F.3d at 1136. Similarly, in *Slimick,* we recognized that an order dismissing a complaint (rather than the "action"), "might leave outstanding claims and so does not necessarily dispose of the entire case." 928 F.2d at 307 n. 2. Upon review of the record in this case, including the court's various orders, we determine that the district court left no claims unresolved, nor did the court intend to grant National Distribution leave to amend. Accordingly, we conclude that the court intended its dismissal order to dispose of the entire action. It would be helpful if district courts made explicit their intentions with regard to final disposition of the claims before them. Explicit rulings will protect parties, and courts, from unwanted surprises by appellate courts that are forced to infer the court's intent from the record as a whole.

In the second sentence of its ruling, the court qualified its dismissal of National Distribution's complaint with the following language: "The Court may amend or amplify this order with a more specific statement of the grounds for its decision." We conclude that such a reservation fails to "put a definitive end to the case" and thus fails to "fix an unequivocal terminal date for appealability." *Jung v. K. & D. Mining Co.,* 356 U.S. 335, 337, 78 S.Ct. 764, 766, 2 L.Ed.2d 806 (1958).

In determining whether the second sentence of the district court's ruling defeats the order's finality, we focus on the court's intent. By reserving, but not exercising, the option of amending its orders we cannot determine whether the court actually intended its orders to be final. Had the court entered a separate final judgment subsequent to the dismissal order, we would be confident the court intended no further action in the case. *See* Fed.R.Civ.P. 58; *Bankers Trust Co. v. Mallis,* 435 U.S. 381, 387–88, 98 S.Ct. 1117, 1121–22, 55 L.Ed.2d 357 (1978) (per curiam) (ruling that § 1291's final decision requirement was satisfied despite lack of Rule 58 judgment of dismissal when district court clearly evidenced intent that order was final decision, and parties did not object to taking appeal without entry of Rule 58 judgment). We have found no such judgment, and we decline to read subjective intentions into the court's orders. The rulings on their face demonstrate that the court contemplated further action, and we will not venture to guess whether the court subjectively intended otherwise. *See Fiataruolo v. United States,* 8 F.3d 930, 937 (2d Cir.1993) ("What essentially is required is some clear and unequivocal manifestation by the trial court of its belief that the decision made, so far as it is concerned, is the end of the case.").

■ Although we conclude that in the first sentence of its ruling the court intended to dispose of the entire action, we hold that the second sentence of the order rendered it non-final. A district court ruling is not final if the court reserves the option of further modifying its ruling.[1] This rule is easily complied with and avoids confusion as to the time for appeal. This rule is also consistent with our recently decided en banc opinion, *WMX Technologies,* 104 F.3d at 1133. In that case we held that an order dismissing a complaint with leave to amend is not a final decision. *Id.* at 1136. In doing so we declined to treat the notice of appeal as an expression that the plaintiff intends to stand on his complaint. We explained that where the court grants leave to amend "[s]omething more is both anticipated and required." *WMX Technologies,* 104 F.3d at 1137. Similarly, in this case, the court left open the possibility that it might change its ruling. By requiring parties to seek a final decision, we craft a rule that generates an unequivocal terminal date for appealability.

DISMISSED for lack of jurisdiction.

---

1. The Supreme Court has previously declined to address whether a ruling is made non-final when a judge states his intention to set forth his rationale in a more detailed fashion at a later date, and where he does not explicitly exclude the possibility of changing his mind. *See FirsTier Mortgage,* 498 U.S. at 274, 111 S.Ct. at 651–52.