145 F.3d 1341
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Johanna TREVINO, Plaintiff-Appellee,
v.
CITY OF LOS ANGELES; Daryl Gates; John Helms; Richard
Zierenberg; Gary Strickland; Warren Eggar;
Jerry Brooks; David Harrison; Richard
Spelman, Defendants-Appellants.
 Nos. 97-55381, 97-56327.
DC No. CV-92-01981-JSL.
 United States Court of Appeals, Ninth Circuit.
 Submitted[2] April 6, 1998.
Decided May 5, 1998.
 
 Appeal from the United States District Court for the Central District of California, J. Spencer Letts, District Judge, Presiding.
 Before GIBSON[3], SCHROEDER and PREGERSON, Circuit Judges.
 
 MEMORANDUM[1]
 
 1
 This is the second time that this case has been before the court on the issue of attorneys' fees. In Trevino v. Gates, 99 F.3d 911,924-26 (9th Cir.1996) ("Trevino I ") cert. denied, 117 S.Ct. 1249 (1997), we vacated the district court's award of attorneys' fees and remanded for reanalysis of the hourly rate. In the present action, the City of Los Angeles (the "City") appeals the district court's amended order awarding attorneys' fees of $109,525.50 pursuant to 42 U.S.C. § 1988 (1994). Because we conclude that the district court did not abuse its discretion, we affirm the district court's attorneys' fees award.
 
 I.
 
 2
 We first conclude that our appellate jurisdiction is proper pursuant to 28 U.S.C. § 1291 (1994). The district court order of February 7, 1997 was a non-final order because the district court reserved the option to "amend or amplify" this order. See National Distrib. Agency v. Nationwide Mutual Ins. Co., 117 F.3d 432, 434 (9th Cir.1997). Thus, the district court retained jurisdiction to issue a subsequent order despite the City's filing of a notice of appeal on March 7, 1997. See id. The district court's order of July 24, 1997, awarding Trevino attorneys' fees, constitutes a final order, see Corder v. Brown, 25 F.3d 833, 834 (9th Cir.1994), and the City's second notice of appeal, dated August 19, 1997 was timely filed, see Fed.R.App.P. 4(a)(1).
 
 II.
 
 3
 We need not address the City's argument that the district court erred in awarding Trevino Attorneys' fees in light of Trevino recovering only $1.00 in nominal damages. The City did not file a cross-appeal raising this issue when Trevino first appealed in Trevino I. Further, by necessary implication, this court upheld the district court's finding that "Trevino was entitled to recover reasonable attorneys' fees under section 1988." Trevino I, 99 F.3d at 924. This court remanded the case to the district court for reanalysis of the hourly rate without the error of considering defense attorney rates. See id. at 925. Therefore, the law of the case doctrine precludes us from reconsidering this issue that was previously affirmed by necessary implication in Trevino I. See Herrington v. County of Sonoma, 12 F.3d 901,904 (9th Cir.1993).
 
 III.
 
 4
 Finally, we conclude that the district court did not abuse its discretion in awarding Trevino attorneys' fees at hourly rates of $450 per hour for lead counsel and $150 per hour for associate counsel. See Corder v. Gates, 947 F.2d 372, 377 (9th Cir.1991). The district court based its award on an accurate view of the law by relying upon the prevailing rate charged by lawyers of comparable experience and skill for similar services performed in the relevant community. See Trevino I, 99 F.3d at 924; Jordan v. Multnomah County, 815 F.2d 1258, 1262-63 (9th Cir.1987).
 
 
 5
 In addition, we conclude that the district court's factual findings regarding the complexity of the issues were not clearly erroneous. See Gates, 947 F.2d at 377. Both this court, in Trevino I, and the district court consistently found that the issues of compensatory damages and liability were not complex. See Trevino I, 99 F.3d at 925; Trevino v. Gates, 888 F.Supp. 1509, 1519 (C.D.Cal.1995), vacated by, 99 F.3d 911 (9th Cir.1996). On the other hand, this court and the district court also consistently determined that the issues relating to collateral estoppel and qualified and absolute immunity were complex. See id.
 
 
 6
 Although the district court and this court initially found that the case involved mostly uncomplicated issues, see id., the law of the case doctrine does not preclude the district court from revising this factual determination. This court, in Trevino I, remanded the determination of a reasonable hourly rate for reanalysis. Reanalysis of this issue necessarily included reconsidering the novelty and difficulty of the issues involved in the case. See Trevino I, 99 F.3d at 924-25.
 
 
 7
 On remand, after considering additional evidence, the district court specifically noted that a majority of counsel fees related to the complex issues of law raised by the City. The district court also relied upon declarations from local attorneys showing hourly rates ranging from $250 to $500 per hour for complex civil litigation. We note that "the district court is in the best position to judge the reasonableness of the fee award." Jordan, 815 F.2d at 1263. Therefore, because we conclude that the district court did not abuse its discretion, we affirm the district court's attorneys' fees award in the amount of $109,525.50.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [2]
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R 34-4
 
 
 [3]
 The Honorable Floyd R. Gibson, Senior Circuit Judge for the Eighth Circuit, sitting by designation