Fernando MEDINA, Plaintiff—
Appellant,

v.

Joe MCGRATH; et al., Defendants—
Appellees.

No. 03–15984.

D.C. No. CV–03–00077–MJJ.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 10, 2003.*

Decided Nov. 13, 2003.

Fernando Medina, Cresent City, CA,
pro se.

Before KOZINSKI, SILVERMAN and
TALLMAN, Circuit Judges.

MEMORANDUM**

California prisoner Fernando Medina
appeals pro se the district court's orders
dismissing his 42 U.S.C. § 1983 action for
failure to state a cognizable claim and denying his motion to vacate. Medina contends that Pelican Bay State Prison's
("PBSP") ban on publications containing
nudity violates his rights under the First
and Fourteenth Amendments. Because
the dismissal order evidenced the district
court's intent to fully adjudicate the issues,
we have jurisdiction pursuant to 28 U.S.C.
§ 1291. *See National Distrib. Agency v.
Nationwide Mut. Ins. Co.*, 117 F.3d 432,
433 (9th Cir.1997). We review dismissals
under 28 U.S.C. § 1915A(b) de novo, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th
Cir.2000), and we affirm.

We agree with the district court's conclusion that the PBSP's policy is reasonably related to legitimate penological interests, and therefore hold that the policy is a
permissible constraint on Medina's First
Amendment rights. *See Mauro v. Arpaio*,
188 F.3d 1054, 1057 (9th Cir.1999) (en
banc).

To the extent that Medina's Fourteenth
Amendment claim is cognizable, the availability of post-deprivation remedies satis-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

fies due process. *See Barnett v. Centoni,* 31 F.3d 813, 816–17 (9th Cir.1994) (per curiam) (holding that California law provides inmates with an adequate post-deprivation remedy for property loss); *see also Mann v. Adams,* 855 F.2d 639, 640 (9th Cir.1988) (order) (holding prisoners have no legitimate claim of entitlement to a grievance procedure).

The district court properly exercised its discretion under 28 U.S.C. § 1367(c) and declined to exercise supplemental jurisdiction over Medina's state law claims. *See Ove v. Gwinn,* 264 F.3d 817, 826 (9th Cir. 2001).

Accordingly, the district court properly dismissed Medina's action and denied his motion to vacate.

**AFFIRMED.**