PROGRESSIVE GULF INSURANCE COMPANY, Plaintiff—Appellant,

v.

Christian FAEHNRICH; Randall K. Faehnrich; Randy Faehnrich, Toni A. Faehnrich, Defendants—Appellees.

No. 07–15081.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 12, 2008.

Filed Oct. 30, 2008.

Dennis M. Prince, Esquire, Prince 7 Keating LLP, Las Vegas, NV, for Plaintiff–Appellant.

Joseph L. Benson, Esquire, Benson & Bingham, Brett A. Carter, Esquire, Steven M. Baker, Esquire, Benson Bertoldo Baker & Carter, Las Vegas, NV, for Defendants–Appellees.

Before: O'SCANNLAIN, GOULD, and BEA, Circuit Judges.

MEMORANDUM *

Progressive Gulf Insurance Company ("Progressive") appeals the denial of its

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

motion for summary judgment. Progressive had sought a declaratory judgment that it was not required to cover Toni and Randall Faehnrich (the "Faehnriches") for injuries their children suffered in Toni Faehnrich's one-car accident.[1] We dismiss the appeal for lack of jurisdiction.

■ We consider *sua sponte* the finality of the district court's order on appeal. *In re Exennium, Inc.*, 715 F.2d 1401, 1402 (9th Cir.1983). A district court's denial of summary judgment is "generally not a final order, and is therefore not ordinarily appealable," when, as here, there is no entry of final judgment. *Comsource Indep. Foodservice Cos., Inc. v. Union Pacific R.R. Co.*, 102 F.3d 438, 441–42 (9th Cir.1996). Progressive asks us to treat the denial of its motion for summary judgment as equivalent to a grant of summary judgment for the Faehnriches. However, the Faehnriches did not request summary judgment, and the district court did not grant it. Progressive cites not a single case in which we have inferred a grant of summary judgment from a denial. We will not "read subjective intentions into the court's orders." *Nat'l Distrib. Agency v. Nationwide Mut. Ins. Co.*, 117 F.3d 432, 434 (9th Cir.1997).

■ Progressive argues that we have jurisdiction under 28 U.S.C. § 1291 [2] because the district court's denial of summary judgment was a final decision that fully adjudicated the rights of the parties and "clearly evidence[d] the judge's intention that it was the court's final act in the matter." *United States v. Lummi Indian Tribe*, 235 F.3d 443, 448 (9th Cir.2000) (citation omitted). We disagree. The district court did not resolve the rights and legal relations of Progressive, the party seeking a declaratory judgment. *See* 28

U.S.C. § 2201. Progressive asked the court to declare that the company was not required to indemnify or defend Toni Faehnrich for her children's injury claims. [ER 34] However, the order denying summary judgment addressed only Nevada public policy and choice of law issues. [ER 37] It did not specify whether or to what extent Progressive must indemnify the Faehnriches. The district court has not fully resolved this case. Its order was not a final decision because it did not "leave[ ] nothing for the court to do but execute the judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978).

Even if the district court's denial of summary judgment were a final decision on the parties' choice of law dispute, we would still lack jurisdiction because Progressive can raise other arguments for denying bodily injury coverage. In fact, Progressive initially denied the Faehnriches' claim on the alternate grounds that Toni Faehnrich was not an insured person under the Faehnriches' policy. [ER 30–31] The district court neither addressed any additional arguments nor precluded them by issuing a final judgment, and reaching the merits here could lead to piecemeal appeals on those issues. *See Kirkland v. Legion Ins. Co.*, 343 F.3d 1135, 1139 (9th Cir.2003) ("The purpose of the finality requirement is to avoid piecemeal appeals."). Finality would have been achieved if Progressive and the Faehnriches had stipulated in the district court that Progressive would indemnify if the ruling on choice of law was upheld, and if the district court rulings made clear that no other issue remained for decision. However, that is not the state of the record presented to us.

---

1. Because the parties are familiar with the factual and procedural history of this case, we do not recount it in detail here.

2. 28 U.S.C. § 1291 grants us jurisdiction over appeals "from all final decisions of the district courts of the United States."

We conclude that there was no final decision by the district court, and so there is no jurisdiction for an appeal.

**DISMISSED.**