**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-35772 |
| Plaintiff, | D.C. Nos. 2:89-sp-00002-RSM |
| and | 2:70-cv-09213-RSM |
| LOWER ELWHA BAND OF S'KLALLAMS; JAMESTOWN BAND OF S'KLALLAMS; PORT GAMBLE BAND OF S'KLALLAMS; | MEMORANDUM* |
| Plaintiffs - Appellants, | |
| v. | |
| STATE OF WASHINGTON, | |
| Defendant, | |
| and | |
| LUMMI INDIAN TRIBE, | |
| Defendant - Appellee, | |
| and | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

TULALIP TRIBE,

        Interested party - Appellee,

PUYALLUP TRIBE; MAKAH INDIAN
TRIBE; SUQUAMISH INDIAN TRIBE;
CONFEDERATED TRIBES & BANDS
OF THE YAKAMA INDIAN NATION;
MUCKLESHOOT INDIAN TRIBE;
QUINAULT INDIAN NATION;
QUILEUTE INDIAN TRIBE;
NISQUALLY INDIAN TRIBE;
SWINOMISH TRIBAL COMMUNITY;
HOH INDIAN TRIBE; UPPER SKAGIT
INDIAN TRIBE,

        Interested parties.

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Argued and Submitted October 6, 2010
Seattle, Washington

Before: KOZINSKI, Chief Judge, THOMAS and M. SMITH, Circuit Judges.

Our prior decision in this dispute sets forth the appropriate standard for jurisdiction under 28 U.S.C. § 1291: "[A] ruling is final for purposes of § 1291 if it (1) is a full adjudication of the issues, and (2) clearly evidences the judge's intention that it be the court's final act in the matter." *United States v. Lummi Indian Tribe*, 235 F.3d 443, 448 (9th Cir. 2000) (quoting *Nat'l Distribution Agency*

*v. Nationwide Mut. Ins. Co.*, 117 F.3d 432, 433 (9th Cir. 1997)).  The current

appeal satisfies neither requirement.  The district court denied the motion "without

prejudice to renewal as a new subproceeding" and even retained paper copies of

the parties' pleadings "so that [their] effort need not be duplicated."  The district

court also explained that the parties' substantive dispute "remains to be

determined."  Accordingly, we lack jurisdiction over this appeal.

**DISMISSED**.