**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50634 |
| Plaintiff - Appellee, | D.C. No. 3:05-cr-02313-LAB-1 |
| v. | |
| DAVID LYLE LEFLER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted December 14, 2010[**]

Before: GOODWIN, WALLACE, and THOMAS, Circuit Judges

David Lyle Lefler, a federal prisoner, appeals pro se a "Notice of Document

Discrepancies" order in which the district court rejected his motion for return of

property under Fed. R. Crim. P. 41(g).  We review de novo a district court's

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

decision to deny a Rule 41(g) motion. *United States v. Ritchie*, 342 F.3d 903, 906 (9th Cir. 2003). We reverse and remand.

Lefler pleaded guilty to and was sentenced for a drug trafficking crime during which his 1995 Southwind Recreational Vehicle (the "motor home") was used to transport narcotics from Mexico. Lefler sought to file in the district court four separate Rule 41(g) motions to reclaim his motor home. Instead of filing them, the district court rejected each motion in a "Notice of Document Discrepancies" due to violations of the Southern District of California Local Rules. Lefler appealed the fourth order.

The district court's fourth order on November 9, 2009 was a final, and thus reviewable, decision under 28 U.S.C. § 1291. By declaring "case closed," the district court disposed of Lefler's claim entirely and evidenced an intent of finality. *See Nat'l Distribution Agency v. Nationwide Mut. Ins. Co.*, 117 F.3d 432, 433 (9th Cir. 1997). The order indicated that despite compliance with its third order — Lefler's fourth motion included a memorandum of points and authorities — the district court would no longer entertain his case.

Moreover, if a Rule 41(g) motion "is filed when no criminal proceeding is pending, the motion is treated as a civil complaint . . . ." *Ritchie*, 342 F.3d at 906*; see also Kardoh v. United States*, 572 F.3d 697, 702 (9th Cir. 2009) ("Because

there were no criminal proceedings pending, the motion should have been treated as a civil complaint governed by the Federal Rules of Civil Procedure.").  No criminal proceeding was pending when Lefler submitted his Rule 41(g) motions. The district court treated them as motions, not as civil complaints, and thus erred.

**REVERSED AND REMANDED.**