**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 05 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> GOVERNMENT OF GUAM, <br><br> Defendant - Appellant. | Nos. 13-16941 & <br>   13-17089 <br><br> D.C. No. 1:02-cv-00022 <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Guam
Frances Tydingco-Gatewood, Chief District Judge, Presiding

Argued and Submitted February 19, 2015
Honolulu, Hawaii

Before: CLIFTON, N.R. SMITH, and FRIEDLAND, Circuit Judges.

The United States brought this civil enforcement action against the

Government of Guam under the federal Clean Water Act to end unpermitted

discharges from Guam's Ordot Dump landfill. More than ten years into the

litigation, nine years after the entry of a Consent Decree providing for closure of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Ordot Dump, and six years after the district court appointed a receiver due to Guam's failure to comply with the Consent Decree, the territorial government sought to replace the Guam Office of the Attorney General ("OAG") as its counsel of record with a private law firm, Cabot Mantanona LLP ("the Cabot Firm"). The district court at first denied most of the request, while permitting the Cabot Firm to address the court and represent the territorial government as to certain matters. Approximately five months later, however, the court granted full substitution of counsel after it became aware of new facts demonstrating a breakdown of communication between the Governor's Office and the OAG.

Guam appeals from the district court's orders partially denying substitution of counsel, including orders entered on May 16, 2013, August 13, 2013, and September 18, 2013. Guam also requests that this Court declare as void all orders issued by the district court during the five-month period between the May 16 partial denial of substitution of counsel and the grant of full substitution in an order entered October 29, 2013. None of those other orders are presently on appeal.

We lack jurisdiction to review the orders related to the partial denial of substitution of counsel because those orders were not final for appellate purposes. These orders, even taken together, do not constitute a "full adjudication of the issues," *Nat'l Distrib. Agency v. Nationwide Mut. Ins. Co.*, 117 F.3d 432, 433 (9th

2

Cir. 1997), nor do they "resolve all of the issues in the post-judgment proceedings," *Cordoza v. Pac. States Steel Corp.*, 320 F.3d 989, 996 (9th Cir. 2003). The district court did not completely adjudicate the issue as to whether the OAG should be disqualified from representing Guam. The court left open key questions about attorney-client privilege and the possibility that the OAG had a conflict.

The actual relief sought by Guam in the current appeal is not the substitution of counsel, as that was subsequently obtained in a later order by the district court. Rather, Guam seeks a declaration that all other orders entered by the district court during the five-month interim period are void. The arguments offered by Guam in support of that relief appear very weak, both factually and legally, but we cannot ultimately address them because we lack jurisdiction to review those orders.

The orders that Guam seeks to void are not on appeal before this Court. It does not appear that Guam ever moved the district court to void these orders based on the delay in obtaining the full substitution of counsel. Guam did file appeals from at least some of the disputed orders, but the territorial government voluntarily dismissed those appeals, so those disputed orders are not before us. Generally, when seeking the review of a federal appellate court, a party must file a timely notice of appeal, Fed. R. App. P. 3, and must pursue the appeal thereafter. This

requirement is jurisdictional; without a notice of appeal of a district court's order, this Court lacks jurisdiction to review that order. *Nguyen v. Sw. Leasing & Rental, Inc.*, 282 F.3d 1061, 1064 (9th Cir. 2002). Accordingly, this Court may not review the orders Guam seeks to void because appeals from those orders are not before us.

**APPEAL DISMISSED.**