
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SHAUN PATRICK CONLEY,

Plaintiff-Appellant,

v.

NIELSEN; PETERSON; BALLARD;
BYBEE; MAYO; JONES; BAIRD;
KOYLE; VALERIE GRAY,

Defendants-Appellees.

No.    15-35732

D.C. No. 4:13-cv-00360-CWD

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
Candy W. Dale, Magistrate Judge, Presiding[**]

Submitted August 23, 2017[***]
San Francisco, California

Before:  THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      Conley consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Shaun Patrick Conley, a former pretrial detainee at Bannock County Jail, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs and retaliation. We have jurisdiction under 28 U.S.C. § 1291.[1] We review de novo a dismissal under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm.

Because the facts and procedural history are familiar to the parties, we do not repeat them here. Construing Conley's brief liberally, *see Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988), we understand him to appeal the dismissal of his complaint as to all named defendants. The district court properly dismissed Conley's claim against defendant Valerie Gray for failure to provide an address for physical service of process within the time prescribed by Federal Rule of Civil Procedure 4(m). The district court did not abuse its discretion under Rule 4(m) when, once the time period prescribed by the rule had passed, it gave Conley

---

[1] Although the district court dismissed Conley's complaint without prejudice, the district court simultaneously ordered the case closed. The order of dismissal is therefore a final, appealable order because it "(1) is a full adjudication of the issues, and (2) clearly evidences the judge's intention that it be the court's final act in the matter." *Elliott v. White Mountain Apache Tribal Court*, 566 F.3d 842, 846 (9th Cir. 2009) (quoting *Nat'l Distribution Agency v. Nationwide Mut. Ins. Co.*, 117 F.3d 432, 433 (9th Cir. 1997)).

60 days to provide an accurate physical service address for Gray and then dismissed without prejudice and closed the case when Conley failed to do so. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (pro se plaintiff relying on the U.S. Marshal for service of process must provide "sufficient information to serve" each defendant within the time prescribed by Rule 4(m)). This ruling does not, however, bar Conley from moving to reopen the case if he is able to provide information enabling the district court to locate defendant Gray, and if he can establish good cause for extending the time period for service under Rule 4(m).

The district court properly dismissed Conley's medical deliberate indifference claim against defendants Neilson, Jones, Bybee, Peterson, Ballard, Mayo, Baird, and Koyle because, under any potentially applicable standard, Conley failed to allege facts sufficient to state a plausible deliberate indifference claim against these defendants. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (a prison official cannot be liable for deliberate indifference under the Eighth Amendment unless he or she "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."); *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1241-42 (9th Cir. 2010) ("The 'deliberate indifference' standard [of the Eighth Amendment]

applies to claims that correction facility officials failed to address the medical needs of pretrial detainees."), *overruled in part by Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc) (holding that the Fourteenth Amendment's "objective standard" set forth in *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), applies to a pretrial detainee's failure-to-protect claim); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation omitted)).

The district court properly dismissed Conley's medical deliberate indifference claim against the "medical care provider" at the County Jail because Conley's operative complaint failed to allege facts sufficient to show that the alleged constitutional violation resulted from an official policy, practice, or custom. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139-40 (9th Cir. 2012) (setting forth the elements of a § 1983 claim against a private entity performing a government function); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (explaining that "permanent and well settled" unwritten policies and practices can constitute an official policy or practice); *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient

4

duration, frequency and consistency that the conduct has become a traditional method of carrying out policy.").

The district court properly dismissed Conley's medical deliberate indifference claim against "all medical staff" at the County Jail because Conley failed to identify any of the individuals involved in the alleged constitutional violation and the specific conduct attributable to them. *See Iqbal*, 556 U.S. at 678. Moreover, the district court explained to Conley that he could later seek leave to amend the complaint once Conley discovered the names of the staff involved in the violation. Although the case is currently closed in the district court, discovery and possible amendment remain available to Conley if he successfully reopens his case as discussed above.

The district court properly dismissed Conley's claim for retaliation against defendants Neilson, Jones, Bybee, Peterson, Ballard, Mayo, Baird, Koyle, Sergeant McDonald and Lieutenant Deitz because Conley failed to allege facts sufficient to show that there was a nexus between his protected speech and the alleged retaliation. *See O'Brien v. Welty*, 818 F.3d 920, 932 (9th Cir. 2016) (setting forth elements of a § 1983 claim for retaliation).

**AFFIRMED.**

5